PEARSON, Judge.
This is an appeal by the defendant in proper person from two judgments and sentences pursuant thereto. The appellant was charged by information with two separate robberies. The trial in the first cause (case number 65-7939) was upon a not-guilty plea and was before the judge without a jury. The appellant pleaded guilty to the second charge (case number 65-7992). He was adjudicated guilty and sentenced. Appellant was represented by the public defender at all critical stages of the proceedings.
The appellant filed assignments claiming error as follows: (1) the refusal of the trial court to suppress the evidence seized at the time of the allegedly illegal arrest and search; (2) interrogation by police officers prior to the appointment of counsel; (3) the failure to take the appellant before a magistrate without unnecessary delay (a period of 14 days). The records submitted to this court did not include a transcript of the trial proceedings. This court, upon its own motion, directed that the testimony in the trial be transcribed and certified to this court. This was done at the expense of the State.
The record now before this court reveals that appellant’s contentions are entirely without merit. The search was incident to a legal arrest. See Casso v. State, *57 Fla. App.1966, 182 So.2d 252; Gibson v. State, Fla.App.1965, 180 So.2d 685. The record of the trial reveals that no statement made by the appellant subsequent to his -arrest and prior to the trial was entered in evidence against him. He pleaded guilty in the second case only after the adjudication in the first. There is no showing that appellant was in any way prejudiced by •the failure to take him before a magistrate. See Milton v. Cochran, Fla.1962, 147 So.2d 137; Montgomery v. State, Fla.1965, 176 So.2d 331; Gore v. State, Fla.App.1964, 163 So.2d 37.
The sentences in each case are within the scope of the punishment prescribed by •statute. Accordingly, the judgment and •sentence in each case are hereby affirmed.
Affirmed.