PER CURIAM.
The defendants contend that certain items which were admitted into evidence over their objections were the product of a search and seizure made subsequent to an unlawful arrest and therefore were inadmissible at trial.
Several times before this court has upheld arrests made pursuant to Florida’s vagrancy statute. See Echols v. State, Fla.App.1967, 201 So.2d 89; Sutherland v. State, Fla.App.1964, 167 So.2d 236; Rinehart v. State, Fla.App.1959, 114 So.2d 487. We find that the facts in the instant case place it within the realm established by the above-mentioned cases, and that the defendants’ arrest for vagrancy was lawful. Since the arrest was legal then the seizure made incident thereto was also legal and the items seized were admissible. Ball v. State, Fla.App.1966, 191 So.2d 56.
Affirmed.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.