MILLS, Judge.
By interlocutory appeal, defendants seek reversal of an order denying their motion to set aside a default and final judgment entered against them.
Although the procedure followed by the plaintiff in obtaining the default and final judgment against the defendants is novel, as was the procedure followed by the defendants in moving to set aside the default and judgment, we cannot say that the trial court abused its discretion in denying defendants’ motion to set aside.
On 17 January 1975, plaintiff presented a motion for default against defendants, Cal-U-Sonic and Bruce, to the trial court, and the court recognized that plaintiff was seeking a default and a final judgment. Plaintiff adduced testimony in proof of the promissory note on which its action was based. At the conclusion of the proceeding, the plaintiff informed the court that it intended obtaining a default against defendant, Baumer, a few days later and at that time would ask the court to reaffirm the judgment against Cal-U-Sonic and Bruce, as well as enter a judgment against Baumer. The court agreed to this procedure.
On 27 January, the plaintiff filed motions for default against Cal-U-Sonic, Bruce, and Baumer with the clerk. The clerk entered defaults against these defendants.
By a final judgment dated 27 January but not filed until 31 January, the court ratified the defaults taken against the defendants and entered a judgment against them. The court certified that copies of the final judgment were furnished defendants Bruce and Baumer on 27 January. In addition to being an individual defendant, Bruce and Baumer were also officers of Cal-U-Sonic.
On 21 March 1975, the defendants served their motion to set aside, alleging that their failure to file answers was inadvertent and excusable neglect, and that they had a meritorious defense and compulsory counterclaim against plaintiff. The motion was not accompanied by affidavit setting forth facts to support the allegations of inadvertence and excusable neglect, nor an answer setting forth their meritorious defenses. The motion was set for hearing on 21 April.
Apparently, the hearing was not held. The record presented to us does not indicate why it was not held.
Subsequently, on 10 March and 13 May, Bruce served affidavits in support of defendants’ motion to set aside.
On 18 June, defendants delivered a copy of their answer and counterclaim to plaintiff.
On 27 June, the court entered its order denying defendants’ motion to set aside.
The facts presented by Bruce’s affidavits do not support the defendants’ claim of inadvertence and excusable neglect in their failure to file an answer. The facts in this case do show that defendants were dilatory in the filing of their motion to set aside and in the filing of the supporting papers. Defendants’ conduct showed no concern for a speedy determination of plaintiff’s claim.
Interlocutory appeal dismissed.
RAWLS, Acting C. J., and SMITH, J„ concur.