BOARDMAN, Judge.
Appellant State of Florida brings this timely appeal from an order of the trial court granting appellee/defendant’s motion to suppress evidence, i. e. gambling paraphernalia. Appellee was charged by information with aiding and assisting in the conducting of a lottery.
Appellee entered a residence while it was being searched pursuant to a valid warrant issued on sufficient probable cause to believe that lottery activities were conducted on the premises. He was not named in the search warrant nor did he own or lease the premises. The arresting officer testified that appellee was a “well-known bolita man, and he’s known to carry his numbers on very thin paper in . [his] hand” and that as soon as appellee walked in he “started to bring his hand up and go for his mouth. . . . ” The officer grabbed ap-pellee’s wrist and found three gambling bets in his hand. The trial court found that the warrant did not authorize a search of appellee’s person because he had arrived after the search had begun, that there was no probable cause to believe appellee was engaged in the commission of the felony aiding and assisting in the conducting of a lottery, and that there was probable cause to believe appellee was committing the misdemeanors gambling and possession of lottery paraphernalia.
The Supreme Court of Florida in the ease of Samuel v. State, 222 So.2d 3 (Fla.1969) held that where a
judicial determination is made that there is probable cause to believe that the premises are being used for an illegal purpose, such as gambling that it is entirely reasonable and proper to search persons found on such premises when there are reasonable grounds to suspect — that is, believe — that such per *1139 sons are engaged in or connected with the unlawful activities that are the subject-matter of the search.
We know of no rule of law that a person is immune from operation of a search warrant simply because he was not present on the premises when the search began. The arresting officer had reasonable grounds to believe that appellant was connected with the lottery activities based on his prior knowledge of appellant. Furthermore evidence seized incident to a proper arrest is not subject to suppression. E. g., Williams v. State, 210 So.2d 497 (Fla.2d DCA 1968). See Section 901.21, Florida Statutes. An arrest was proper in the case before us since probable cause existed to believe ap-pellee was committing a misdemeanor in the presence of an officer. Section 901.15, Florida Statutes. The evidence at issue here is admissible in the prosecution of an offense not contemplated at the time of the arrest. See generally Brown v. State, 46 So.2d 479 (Fla.1950); Farmer v. State, 208 So.2d 266 (Fla.3d DCA 1968).
Accordingly we reverse the order granting the motion to suppress evidence.
REVERSED.
McNULTY, C. J., and GRIMES, J., concur.