363 So.2d 1132 (1978)
Ramon Rafael MACHADO and Adelaida Garcia Machado, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 77-2498, 77-2499.
District Court of Appeal of Florida, Third District.
October 31, 1978.
Rehearing Denied December 1, 1978.
*1134 Kogen & Kogan and Geoffrey C. Fleck, Miami, for appellants.
Robert L. Shevin, Atty. Gen. and Steven L. Bolotin and Joel D. Rosenblatt, Asst. Attys. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants, defendants in the trial court, were both charged by information with aiding or assisting in conducting a lottery, possession of lottery paraphernalia, and possession of lottery tickets. In addition, appellant Ramon Machado was charged with carrying a concealed firearm and the unlawful possession of a firearm during the commission of a felony. Subsequent to a non-jury trial, appellant Ramon Machado was adjudicated guilty and sentenced on counts one, two, and three of the information to five years probation with a condition of six months incarceration. A Two Thousand ($2,000.00) Dollar fine was imposed as well. On count four, he was sentenced to a consecutive six month prison term and on count five, to a concurrent two years probation conditioned upon a concurrent six month period of incarceration. Adelaida Machado was sentenced on counts one, two, and three, to five years probation conditioned upon serving a jail sentence of sixty days, and ordered to pay a fine of Two Thousand ($2,000.00) Dollars.
Appellants challenge their convictions on several grounds: firstly, appellants contend that the trial court erred in failing to grant their motion to suppress evidence seized from appellants' residence pursuant to an allegedly insufficient search warrant in violation of the fourth and fourteenth amendments to the United States Constitution and section twenty-two of the Declaration of Rights of the Florida Constitution; secondly, appellants argue that a motion to suppress evidence seized from their persons pursuant to their warrantless arrests following a stop of their vehicle was erroneously denied; thirdly, that the trial court erred in failing to grant Ramon Machado's motions for judgment of acquittal at the close of the state's case and after all the evidence, in that the state failed to prove appellant's possession of any lottery tickets or paraphernalia or that he aided or assisted in conducting a lottery; and finally, that the court erred in failing to grant Ramon Machado's motion for judgment of acquittal in that the state failed to prove that appellant carried a concealed firearm or carried a firearm during the commission of a felony. We shall address ourselves to each of the above contentions.

POINT I
Appellant's basic contention is that the search warrant was issued upon an insufficient affidavit. The affidavit, however, was executed by three detectives, all of whom possessed extensive experience over a period of many years in the investigation of illegal lotteries and had developed an expertise on the subject. The affidavit contained a detailed description of how a lottery organization operates.
Based on their knowledge of these lottery procedures, and on their combined experience as investigators in this case, the detectives stated that it was their belief that the facts revealed by their investigation showed a pattern of activity common to the operation of an illegal lottery, "with the transfer of `lottery tickets' from the lower level to the higher level of the organization and ultimately to the central collection point where the lottery operation is conducted" i.e., appellants' residence. The affidavit then recited in detail, the observation made by the officers during the investigation which consisted, in part, of surveillance of various activities, including activities of appellants, conducted on numerous occasions from April 19, 1977 to May 25, 1977.
*1135 On six different occasions during the investigatory period, the detectives observed transactions which appeared, in the light of their experience, to be lottery "pick-ups." On four of these occasions, the individuals involved in the actual transaction were either followed to appellants' residence after the transactions, or observed leaving the residence and directly proceeding to the site of the "pick-ups." On one of the two remaining occasions, appellant Ramon Machado was actually seen meeting with the individuals involved in the "pick-up" in an apartment previously rented by appellants. On the final occasion, the individuals were seen entering the apartment and appellants' automobile was observed parked nearby.
Based upon this detailed affidavit, a search warrant was issued for lottery tickets, pads, paraphernalia, and currency used in conjunction therewith. The warrant was subsequently carried out, resulting in the seizure of numerous items of the above from appellants' residence.
We believe that the affidavit, viewed by one familiar with the procedures of a lottery operation, contained sufficient facts to establish probable cause. Accordingly, the trial court correctly denied appellants' motion to suppress the items seized from the residence.
It is well settled that a trial court's ruling on a motion to suppress comes to an appellate court clothed with a presumption of correctness and it is incumbent upon this court to interpret the evidence and all reasonable inferences capable of being drawn therefrom in a light most favorable to sustain the trial court's conclusion. McNamara v. State, 357 So.2d 410 (Fla. 1978). It is the probability of criminal activity, and not a prima facie showing of such activity, which is the standard of probable cause. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Smith, 233 So.2d 396 (Fla. 1970). The probability of criminal activity must be viewed in light of the factual and practical considerations of everyday life upon which reasonable and prudent men act. Paula v. State, 188 So.2d 388 (Fla.2d DCA 1966). Where, as here, the issuance of a search warrant was based upon an affidavit which contained personal observations of experienced law enforcement officers of activities, generally known to the officers as activities followed by those engaged in lottery operations, the probability of criminal activity was present. Probable cause of criminal activity having been demonstrated, the validity of the search warrant is upheld. See State v. Smith, supra; and Whisnant v. State, 303 So.2d 397 (Fla.3d DCA 1974).

POINT II
Appellants' second point challenges the correctness of the trial judge's denial of appellants' motion to suppress evidence seized pursuant to an arrest of appellants in their vehicle. We find that the arrest of appellants and subsequent search incident to that arrest was justified under the circumstances.
Appellants' car was stopped by police officers and appellants were placed under arrest for aiding and assisting in the conducting of a lottery. Incident to the arrest, appellant Adelaida Machado's purse was searched revealing various items of lottery paraphernalia, including a "summary sheet."
The law is clear that a warrantless search incident to an arrest is lawful, if probable cause exists for the arrest; and any evidence obtained therefrom is admissible in a court of law. Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977); see also Section 901.15, Florida Statutes (1977). The record clearly reveals that the arresting officers had probable cause to believe that appellant Ramon Machado was the "lead man" or "banker" of a lottery organization and that Adelaida Machado assisted Ramon in the operation. This belief, as mentioned under POINT I, was based on observations made by the officers during surveillance and their familiarity with the patterns of illegal lottery operations. Additionally, one of the arresting officers was aware of Ramon Machado's past involvement in lottery operations, a relevant factor *1136 in determining probable cause. State v. Blanco, 339 So.2d 1137 (Fla.2d DCA 1976).
It is appellants' argument that the arresting officers had ample time to secure a warrant for appellants' arrests, nevertheless, an otherwise proper arrest without a warrant is not invalidated by the fact that there may have been sufficient time to have obtained a warrant. State v. Perez, 277 So.2d 778 (Fla. 1973); State v. Rameriz, 284 So.2d 241 (Fla.4th DCA 1973).
Accordingly, appellants' arrest being predicated upon probable cause, the search incident thereto, which revealed lottery paraphernalia introduced into evidence at appellants' trial, was legal and the motion to suppress the evidence was properly denied.

POINT III
Appellants contend that the trial court erroneously denied Ramon Machado's motions for judgment of acquittal on the charges of aiding or assisting in conducting a lottery, possession of lottery paraphernalia, and possession of lottery tickets. His basic contention is that, notwithstanding the fact that numerous lottery items were found at his residence, there was no proof that he had knowledge, dominion, or control of the contraband.
When a defendant moves for a judgment of acquittal, all facts in evidence adduced and every conclusion drawn therefrom favorable to the State is admitted. Garmise v. State, 311 So.2d 747 (Fla.3d DCA 1975). A motion for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted upon which the trier of fact could reach a finding of guilt. Garmise v. State, supra.
Sub judice, the contraband was found on premises which were in joint possession of appellants. In such a situation, proof must be established that appellant Ramon Machado knew of the contraband's presence and maintained control over it. This proof may consist either of evidence establishing actual knowledge by appellant, or evidence of incriminating circumstances from which the trier of fact might lawfully infer knowledge. Davis v. State, 350 So.2d 834 (Fla.2d DCA 1977); Frank v. State, 199 So.2d 117 (Fla.1st DCA 1967).
The record reveals that the items, clearly identifiable as lottery paraphernalia, were found in many accessible locations in appellants' residence. These items were recovered from the master bedroom, the master bedroom closet, a triple dresser in the master bedroom, a kitchen closet, and a kitchen drawer. When the location of the contraband in the home is viewed in conjunction with appellant's involvement with the lottery operation, as discussed under POINT I, the circumstances were such as to raise the inference that Ramon Machado had knowledge of the presence of the lottery tickets and paraphernalia. See Lattimore v. State, 214 So.2d 771 (Fla.3d DCA 1968).

POINT IV
Appellants' final point claims error on the part of the trial judge in denying appellant Ramon Machado's motion for judgment of acquittal on the charges of carrying a concealed firearm, and the unlawful possession of a firearm during the commission of a felony. Appellants argue that the state failed to prove the offenses because it did not prove that the pistol introduced into evidence as that taken from appellant Ramon Machado at the time of his arrest in the automobile was actually a "firearm" as defined by Section 790.001(6), Florida Statutes (1977).
Apparently, it is appellants' contention that the state must prove that a firearm is operable before it can be defined as such. Yet, Section 790.001(6) defines firearm as:
"... any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; *1137 any destructive device; or any machine gun ..."
Clearly, operability is not a determinative factor in defining a firearm. Additionally, the two arresting officers described the weapon at trial as a "9 mm automatic pistol, loaded," and a pistol is a firearm. Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976); Davis v. State, 215 So.2d 626 (Fla.3d DCA 1968). Further, the weapon was introduced into evidence and the trial judge, as trier of fact, had ample opportunity to inspect the gun and make a determination as to whether Section 790.001(6) was applicable. The trial judge impliedly ruled that the pistol was in fact a "firearm" and, in so doing, correctly denied appellant's motions for judgment of acquittal.
We have reviewed all points raised by appellants in their briefs, in light of the controlling principles of law, and have concluded that no error has been shown. Accordingly, appellants' convictions and sentences are hereby affirmed.
Affirmed.