PER CURIAM.
Appellant, who entered a plea of nolo contendere on charges of aiding and assisting in conducting a lottery, appeals the trial court’s denial of his motion to suppress all of the physical evidence seized at the time of his arrest.
It appears from the record that the officers had conducted five surveillances of what they thought to be a lottery “drop house” prior to the arrest in question. Dur *613 ing the previous “stakeouts”, the officers had seen five black persons, two of whom they recognized from earlier lottery investigations, make deliveries of some things to this house. On one occasion, the police witnessed an exchange of what was believed to be lottery slips to some white males, thought to be Latin. Twice the police had followed vehicles from the house, but lost them because the cars were driven in an “evasive manner.” One of these vehicles was a red 1978 Chevrolet Caprice.
On the day of the arrest, the police again followed a red Caprice from the supposed “drop house”; at least one of the two men in the car was similar in appearance to a man they had seen at the house. The police followed the car for quite a while as it was being driven up and down various streets and making numerous turns. The police waited while the two men in the car stopped at a Cuban restaurant. After the men had resumed the circuitous route, the police stopped the car at a red light for fear of losing it. When the police reached the stopped vehicle, the driver and the passenger, Marrero, were busily tearing up lottery paraphernalia.
It is appellant’s contention that the trial court erred in denying his motion to suppress. We do not agree. It is our conclusion that the police had a well-founded suspicion that the occupants of the vehicle in which appellant was riding might be involved in criminal activity and that they had a right to stop them for reasonable investigation and interrogation. The evidence seized as a result of the stop was admissible evidence in the trial court. Therefore, the trial court was correct in denying the motion to suppress. Machado v. State, 363 So.2d 1132 (Fla.3d DCA 1978); State v. Stevens, 354 So.2d 1244 (Fla.4th DCA 1978); Whitley v. State, 349 So.2d 840 (Fla.2d DCA 1977); State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977).
Affirmed.