402 So.2d 591 (1981)
STATE of Florida, Appellant,
v.
Edward John YUNKER, Appellee.
No. 80-1202.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
*592 Jim Smith, Atty. Gen., Tallahassee and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for appellant.
James Gibson, Public Defender, and Lynda Campbell, Asst. Public Defender, Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from an order granting a motion to suppress evidence. The effect of the order is to exclude at trial evidence relating to illegal drugs seized from the defendant appellee. The order does not state the basis for the suppression, but the defendant's motion alleged the drugs were seized incident to an illegal misdemeanor arrest for an offense not committed in the presence of the arresting officer. § 901.15(1), Fla. Stat.; Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969). The fruits of a search incident to an unlawful arrest are to be excluded from evidence at trial. Sanders v. State, 385 So.2d 735 (Fla. 2d DCA 1980).
The crime of trespass after warning is in section 810.08(1), Florida Statutes (1977).[1] The facts alleged in defendant's motion to suppress were:
On July 1, 1980, Defendant was arrested by Officer John Bowden on a charge of trespass after warning at the Angebilt Hotel. Officer Bowden based his arrest on information supplied to him by Mr. Albert Shaw, a security guard at the Angebilt Hotel. The Trespass warning involved was issued on June 18, 1980. Officer Bowden testified under oath at deposition that he had specifically asked Mr. Shaw if the Defendant had been allowed back into the hotel between June 18, 1980, and July 1, 1980, and that Mr. Shaw had said no. Mr. Shaw testified under oath at deposition that he (Shaw) had allowed the Defendant to re-enter the hotel on several occasions between the trespass warning on June 18, 1980, and July 1, 1980. Further, Shaw testified at deposition that he (Shaw) had told the Defendant not to enter the hotel lobby or the Red Fox Lounge. Defendant was arrested by Officer Bowden as Defendant exited the men's room which is neither in the lobby nor in the Red Fox Lounge. Officer Bowden testified at deposition that if a person had been allowed back in the premises since the trespass warning "that he would assume that the trespass warning would be null."
As we read the record and the arguments in this case, the basis upon which the suppression order was granted by the trial court was that an essential element of the offense of trespass  i.e., the warning  did not occur in the presence of the officer, hence the warrantless misdemeanor arrest and consequent search incident thereto were illegal. See Brown v. State, 62 So.2d 348 (Fla. 1952). A copy of the trespass warning issued on June 18, 1980, was shown to the arresting officer at the time of the arrest on July 1, 1980, and he was told that it was still in effect  as, in fact, it was, since the subsequent conditional permission clearly had been revoked.[2] The factual assertion of appellee in his brief that the arresting officer was informed that the warning had been withdrawn subsequent to June 18, 1980, is contrary to the record. The security officer at the Angebilt Hotel *593 told the investigating officer immediately prior to arrest that the warning had not been withdrawn.
The primary argument of appellee is that the warning did not issue in the officer's presence. This is true. But it is irrelevant. As observed by the Florida Supreme Court in Spicy v. City of Miami, 280 So.2d 419 (Fla. 1973), an arresting officer must have a "substantial reason" at the time of a warrantless misdemeanor arrest to believe from his observation and evidence at the point of arrest that the person "was then and there committing a misdemeanor in his presence." [Emphasis added]. In the instant case, the trespass by Yunker was "then and there" committed on July 1, 1980, in the presence of the officer, not at the time the warning was issued on June 18, 1980. The officer had "substantial reason" to believe that a prior warning had been issued by the custodian of the premises. It is no more necessary that the officer be present at the time of the original warning than it would be for an officer to be present at the time of a real estate closing in order to subsequently arrest a burglar on the premises of the owner-purchaser. For these reasons, we reverse the trial court's order suppressing evidence.
REVERSED.
DAUKSCH, C.J., and COBB and SHARP, JJ., concur.
NOTES
[1] Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
[2] Even if the trespass warning had in fact been revoked, the arresting officer did not know this, and in fact was told quite the contrary. In considering the legality of an arrest for a misdemeanor, the question is whether the officer had substantial reason to believe a crime was being committed  not whether one was actually being committed. City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960).