432 So.2d 159 (1983)
The STATE of Florida, Appellant,
v.
Clarence O'Neal ALTMAN, Appellee.
No. 82-1774.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Rehearing Denied June 20, 1983.
Jim Smith, Atty. Gen., and Scott A. Silver, Asst. Atty. Gen., for appellant.
Henry R. Carr, Miami, for appellee.
Before NESBITT and DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
The state appeals from an order dismissing an information charging the defendant with carrying a concealed firearm.
The defendant was detained after he failed to successfully pass through a Federal *160 Aviation Administration detection point at Miami International Airport. He was arrested and charged with carrying a concealed firearm because it was disclosed that within his wallet was the handle, hammer, and barrel assembly of a .22 calibre Derringer revolver totalling approximately two to three inches in length. It is undisputed that the defendant did not have in his possession or in his baggage the revolver cylinder which holds the bullets or the pin which holds the cylinder to the rest of the gun. Otherwise, the gun was intact.
The information charged the defendant with carrying a concealed firearm, to wit: the frame of a pistol, in violation of Section 790.01, Florida Statutes (1981). The trial court dismissed the information principally on the basis that, because the gun was not operable, the information failed to charge a crime within the ambit of Chapter 790, Florida Statutes (1981). Thus, the only issue on appeal is whether a gun that lacks a cylinder and a holding pin constitutes a firearm.
Section 790.001(6), Florida Statutes (1981) defines a firearm as:
any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun.
Attempting to support the appealed order, the defendant contends that his incomplete gun does not fit within this statutory definition. The defendant also points to Section 790.221(1), Florida Statutes (1981), to support his argument that a weapon must be operable to charge an offense under Chapter 790. We need not address the argument concerning Section 790.221(1) because it obviously pertains to a different type of firearm  short barrel rifles, short barrel shotguns, and machine guns.
When we return to the definition of a firearm under Section 790.001(6), it is clear that the legislature intended to denounce separately the carrying of "any weapon which ... may readily be converted to expel a projectile by the action of an explosive" or "the frame or receiver of any such weapon." Defendant's hammer, handle, and barrel assembly, a pistol without a cylinder and without the pin which holds the cylinder, fits within this definition and therefore constitutes a firearm. Although defendant's pistol was not operable until the missing parts were added, operability is not a determinative factor in defining a firearm. Machado v. State, 363 So.2d 1132 (Fla.3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979). Rather, the legislature has denounced the carrying of a particular component of a firearm. Otherwise, confederates might separately carry the components, and after rendezvousing, readily assemble the components for some illicit purpose.
For the foregoing reasons, the order dismissing the information is reversed.