443 So.2d 201 (1983)
The STATE of Florida, Appellant,
v.
Eddie VARNEDOE, Appellee.
No. 83-206.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Jim Smith, Atty. Gen., and Paul Mendelson and Penny Brill, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
The state appeals a trial court order suppressing out-of-court and in-court identifications of defendant Varnedoe. Finding error, we reverse.
Ronnie Young, the victim of an armed robbery, described his assailant to Police Officers Doan and Williams as a dark-skinned black male wearing a white shirt and blue jeans, 5'6" or 5'7" tall and weighing 130 to 140 pounds. Young particularly noted that his assailant had teeth like a "weasel." The officers drove Young around the vicinity of the robbery and, after leaving Young at his home, continued to search for Young's assailant. Approximately thirty minutes after the robbery occurred, Officer Williams spotted defendant Varnedoe, who fit the general description of the robber, but was not wearing a shirt. Varnedoe was standing outside a pool hall located a block from the scene of the robbery. Upon seeing the police, Varnedoe entered the pool hall. He was followed by Officer Williams who went inside the hall to question Varnedoe. Officer Doan remained outside, where he found the purse taken from Young during the robbery. *202 During the questioning, Officer Williams noticed Varnedoe's unusual teeth. He placed Varnedoe in the patrol car and drove three or four blocks to Young's home where Young positively identified Varnedoe as the individual who had committed the robbery. Upon motion and hearing, the trial court suppressed the show-up identification and the in-court identification, finding that although the initial detention was valid, no probable cause for Varnedoe's arrest existed before he was transported to Young's home and that section 901.151(3), Florida Statutes (1981)[*] precluded transporting Varnedoe.
On appeal, the state contends that Varnedoe's initial detention was based on probable cause; that transporting Varnedoe to Young's home was proper as incident to an investigatory detention; and that the subsequent in-court identification should not have been suppressed as fruit of an unlawful detention because the victim's independent recollection antedated the arrest, constituting a valid identification under United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
We agree with the state that probable cause to arrest Varnedoe appears in the record before us. We therefore reverse.
[P]robable cause means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious [individual] in the belief that the person accused is guilty of the offense with which he is charged... . (citation omitted)
Trivette v. State, 244 So.2d 173, 175 (Fla. 4th DCA 1971); § 901.15(3), Fla. Stat. (1981).
The standard for determining probable cause is not the same standard of proof needed to support a conviction. Cross v. State, 432 So.2d 780 (Fla. 3d DCA 1983). The circumstances under review include a fairly full description, proximity of the stolen property to the scene of Varnedoe's arrest, Varnedoe's presence one block from the scene of the crime, and an attempt to elude police officers. These facts are sufficient to warrant a very cautious person's belief that Varnedoe was guilty of the robbery for which he was detained. We therefore hold that the trial court erred in ruling the original detention unsupported by probable cause. See McKee v. State, 430 So.2d 983 (Fla. 3d DCA 1983).
Our disposition on the issue of probable cause renders it unnecessary for us to address the remaining issues advanced by the state. We note, however, that the state failed to raise the Crews issue in the trial court and therefore waived the argument.
For these reasons, we reverse the trial court's order suppressing the in-court identification and remand for further proceedings.
NOTES
[*] Section 901.151(3) states:

(3) No person shall be temporarily detained under the provisions of subsection (2) longer than is reasonably necessary to effect the purposes of that subsection. Such temporary detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.