## STATE OF FLORIDA v. BRYANT

### Case No. CTC84-6015-C

County Court, Volusia County

July 10, 1984

### APPEARANCES OF COUNSEL

**Sam Masters,** Assistant State Attorney, for plaintiff.

**Doug Huie,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's motion "to suppress any and all testimony resulting from a search and seizure by the Daytona Beach Police on or about April 29, 1984 at Daytona Beach, Florida in that such evidence was obtained in violation of the defendant's constitutional rights".

The facts in this case are as follows:

On April 29, 1984 at about 9:00 o'clock p.m., Detectives McGuire and Thomas of the Daytona Beach Police Department were working a

narcotics surveillance on Ridgewood and Kingston Avenue in the City of Daytona Beach.

They observed the defendant going in and out of a house on Kingston Avenue, known to the detectives as a place where narcotics deals are made. The defendant was also known to Detective McGuire as a drug addict and a prostitute having previously arrested her on several occasions for prostitution.

At about that time the detectives observed the defendant talking to a man in a truck. They observed her get into the truck and drive to the Candlelight Motel on South Ridgewood Avenue where they entered room number 28.

Although the Candlelight Motel is primarily a transit and tourist accommodation, Detective McGuire knew that the defendant resided there and kept her clothing and other belongings in room number 28.

The detectives checked out the license tag of the truck and after about ten minutes, knocked on the door of room 28 announcing that they were police.

The door was opened wide by the defendant who was completely unclothed except for socks on her feet. The detectives in open view observed a man in the room, also unclothed but in the process of putting on his pants.

Detective McGuire asked the man to step outside where he read the man his Miranda rights and then told him that he knew exactly what the man, hereinafter called the co-defendant, was doing there. He said he saw the co-defendant pick up the defendant and that he knew that the defendant was a prostitute, that he saw the co-defendant drive the defendant to the motel and even told the co-defendant that the co-defendant paid the defendant $20.00 for sex. The co-defendant then confessed and acknowledged his involvement with the defendant and was placed under arrest for engaging in prostitution.

During the conversation between Detective McGuire and the co-defendant, the defendant was present and was able to hear what was said. Detective Thomas then read the defendant her Miranda rights whereupon she "invited" the detectives into the room where she professed to be a drug addict and did these things to support her $45.00 a day habit. The defendant was then placed under arrest and also charged with prostitution.

Much can be said concerning the defendant's Fourth Amendment rights, or whether the detectives had probable cause or even a well-founded suspicion to follow the defendant to her motel room, or

whether they had a right to knock on the defendant's door, or whether the defendant gave her "consent" to enter the room, or whether the statements by the defendant made to the police officer were freely and voluntarily made or can be used against each other, all of which questions of law have boggled the minds of the most eminent jurists, but this case can be disposed of in a more simple and direct approach.

The defendant in this case was arrested for a misdemeanor without a warrant. Such an arrest can only be made if the misdemeanor was committed in the presence of the arresting officer (Section 901.15 Florida Statutes).

All the elements of the offense (misdemeanor) must occur in the officer's presence *T.L.M. v. State,* 371 So.2d 688.

Prostitution is defined as the giving or receiving of the body for sexual intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire (Section 796.07(3)(a) Florida Statutes).

The word "hire" is defined as the price agreed to be paid for the use of an article of personal property (Ballentine's Law Dictionary).

Nowhere during the entire scenario as recited above did Detective McGuire or Detective Thomas observe the co-defendant give to the defendant the price agreed to for the use of her body, nor did they observe any licentious sexual intercourse being performed by them.

The crime of prostitution being what it is, is hardly ever committed in the presense of a police officer, unless the police officer is a party to the agreement as a decoy.

Laudable as it may be for the Daytona Beach Police Department to crack down on prostitution, they are going to have to do more than just follow two people suspected of a prostitution arrangement to their rendesvous and then make questionable inquiries as to their activities.

The Court therefore finds that the arrest of the defendant was unlawful and that the fruits, in this case, the admissions by the co-defendant and the defendant are to be excluded from the evidence at the trial of the cause. See *State v. Yunker,* 402 So.2d 591.

Nothing contained in this order shall prevent the State from calling the co-defendant as a State witness to testify as to what transpired between him and the defendant, provided however that the co-defendant has not yet been tried and does not invoke the Fifth Amendment.