BASKIN, Judge.
This is an appeal by the state from an order suppressing a gun, an ammunition clip, and drugs found in Van-Nostrand’s automobile. We reverse.
Van-Nostrand drove into the driveway of a home under police surveillance. A police officer asked for identification, advised Van-Nostrand that the house was under surveillance, and asked him to step out of his car. As Van-Nostrand stepped out of the automobile, the officer looked through the window and noticed a clip from an automatic pistol protruding from the opening of a purse. When the officer asked Van-Nostrand if he had a gun, Van-Nost-rand stated that he had a gun in his boot. The police then arrested Van-Nostrand, searched his car, and seized the items suppressed by the court.
We find that the initial stop by police was reasonable and the request for identification appropriate. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Marrero v. State, 375 So.2d 612 (Fla. 3d DCA 1979). After Van-Nostrand admitted that he had a concealed firearm on his person, the officer had probable cause to arrest him and to conduct a lawful search incident to that arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We therefore reverse the trial court’s erroneous suppression of the items seized during the search and remand for further proceedings.
Reversed and remanded.