507 So.2d 700 (1987)
R.C.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-216.
District Court of Appeal of Florida, First District.
May 14, 1987.
Rehearing Denied June 18, 1987.
*701 Michael E. Allen, Public Defender, Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals an order adjudging him delinquent on the grounds that he trespassed on property other than a structure or conveyance in violation of section 810.09, Florida Statutes (1985). We affirm.
Appellant, who had several misdemeanor referrals for shoplifting, was given a written trespass warning in December 1985, and told not to come back to the Governor's Square Mall, the parking lot of the mall, or the wooded area to the north of the mall. He was given another trespass warning on May 26, 1986. The next day, mall security personnel spotted him in the mall, the police were called, and he was arrested for trespass.[1] He was charged and found guilty of trespass on property other than a structure or conveyance in violation of section 810.09, Florida Statutes (1985). He appeals, contending that the state did not prove a violation of that statute in that it failed to prove the mall was "property other than a structure or conveyance," or that appellant defied an order to leave communicated by the owner or authorized person.
In order to be found guilty of the crime of trespass on property other than a structure or conveyance, in the context of this case the state was required to prove, in essence, the following four elements beyond a reasonable doubt: (1) That the defendant willfully entered the property alleged; (2) the property was owned by or lawfully in possession of the person alleged; (3) notice not to enter had been given by actual communication to the defendant; and (4) that defendant's entering *702 the property was without permission. See Florida Standard Jury Instruction (Criminal), "Trespass  On Property Other Than a Structure or Conveyance." The state is not required to prove that appellant defied an order to leave communicated by the owner or authorized person in order to establish a violation of section 810.09. See also, Downer v. State, 375 So.2d 840 (Fla. 1979); Corn v. State, 332 So.2d 4 (Fla. 1976); and State v. Yunker, 402 So.2d 591 (Fla. 5th DCA 1981).
Neither was it necessary for the state to demonstrate that the mall was property other than a structure or conveyance. The state submitted evidence that appellant was warned not to come back to the parking lot of the mall, which is property other than a structure or conveyance. We agree with the state that it is reasonable to infer that appellant trespassed upon the parking lot in gaining entrance to the mall and thus his conviction of trespass upon property other than a structure or conveyance should stand.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Because appellant had been given a trespass warning the day before he was arrested, we do not consider whether the trespass warning given in December 1985 was "stale."