517 So.2d 73 (1987)
The STATE of Florida, Appellant,
v.
Oliver McCORMACK, Appellee.
No. 87-1965.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Rehearing Denied January 22, 1988.
*74 Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellant.
Mishkin & Golembe and Stuart Mishkin, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The state appeals an order granting a motion to suppress cocaine obtained during a search incident to the arrest of Oliver McCormack for the offense of trespass. We reverse.
At the time of the arrest McCormack was on the property of an apartment complex which contained twelve apartment buildings. Each building bore a sign prohibiting trespassing or loitering. After complaints by the tenants about the increase in crimes committed in the neighborhood, the owner of the property gave written authorization and the manager gave oral authorization for the police to enter the premises and issue warnings to those persons who were on the premises without authorization. An individual was unauthorized if he was neither a resident, relative of a resident nor guest of a resident.
A week prior to the arrest, the defendant was observed on the property by a police officer and questioned as to his presence there. According to the arresting officer, the defendant did not reside at the complex and upon being questioned the defendant responded that he was either "hanging out" or "passing through." The officer warned the defendant to leave and advised him that if he returned without authorization he would be arrested. A week later, the officer again observed the defendant on the premises. The officer testified that upon asking the defendant why he was there, the defendant gave essentially the same response as the week earlier. The defendant was then arrested and during the search incident thereto, the officer found cocaine. Asserting that the arrest was unlawful, the defendant moved to suppress the cocaine discovered during the search. The motion was granted, and this appeal followed.
The determinative issue on appeal is whether the police officer had probable cause to arrest the defendant for a violation of section 810.09(1), Florida Statutes (1985). The elements of the offense are (1) that the property was owned by or lawfully in possession of someone other than the defendant; (2) that the defendant willfully entered the property; (3) that the defendant was on the property without authorization, license, or invitation; and (4) that notice not to enter had been given to the defendant by actual communication. See R.C.W. v. State, 507 So.2d 700 (Fla. 1st DCA 1987).
When an arrest is made without a warrant, it must be based on probable cause that an offense has been committed. D'Agostino v. State, 310 So.2d 12, 15 (Fla. 1975). Probable cause exists where the facts and circumstances known to the police officer at the time of the arrest are sufficient to warrant belief by a prudent person that an offense has been committed. Benefield v. State, 160 So.2d 706, 708 (Fla. 1964); Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983). Those facts, however, need not meet the standard of proof required to convict. State v. Outten, 206 So.2d 392, 397 (Fla. 1968); State v. Varnedoe, 443 So.2d 201, 202 (Fla. 3d DCA 1983). Thus, "an arresting officer must have a substantial reason at the time of a warrantless misdemeanor arrest to believe from his observation and evidence at the point of arrest that the person was then and there committing a misdemeanor in his presence." State v. Yunker, 402 So.2d 591, 593 (Fla. 5th DCA 1981).
In the present case, the police officer was authorized by the owner and manager to issue warnings to unauthorized individuals. *75 The defendant had more than adequate warning that trespassing was not permitted. Not only were signs posted on every building, but the police officer had warned him against trespassing just one week earlier. The defendant defied the warning and entered the property again. See State v. Dye, 346 So.2d 538 (Fla. 1977); § 810.09(2)(b), Fla. Stat. (1985). Knowing that the defendant had been on the premises illegally one week earlier, and that the defendant had been warned not to return, the officer had reason to stop him and inquire as to his purpose for being on the property. When the defendant failed to offer any explanation for his presence, the officer had probable cause to make the arrest. Having made a lawful arrest, the search performed incident to the arrest was lawful and the evidence seized was admissible. Sands v. State, 414 So.2d 611, 615 (Fla. 3d DCA 1982); State v. Blanco, 339 So.2d 1137, 1139 (Fla. 2d DCA 1976); see §§ 901.15 and 901.21, Fla. Stat. (1985).
At the hearing on the motion to suppress, a witness testified that she had invited the defendant to visit with her at her apartment located within the complex to celebrate his birthday. The state concedes, and we agree, that if this testimony were accepted by the trier of fact, it clearly showed that the defendant was not in fact guilty of trespass after warning pursuant to section 810.09(1), Florida Statutes (1985). Nonetheless, the issue at the suppression hearing was whether the officer had probable cause to make the arrest and not whether the charge for which the arrest was made could be proved at trial. Varnedoe, 443 So.2d at 202; Yunker, 402 So.2d at 592. Probable cause must exist at the moment the officer makes the arrest. Benefield, 160 So.2d at 708. The defendant was given the opportunity to explain that he was lawfully on the property as an invitee of a resident, but he failed to do so. When the defendant failed to demonstrate the requisite authority to be on the property, after being warned at an earlier time that trespassing was prohibited, the police officer had probable cause to make the arrest.
For these reasons, the order granting the motion to suppress is reversed with directions to deny the motion.