546 So.2d 444 (1989)
Allen MELTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-1445.
District Court of Appeal of Florida, First District.
July 7, 1989.
Daniel S. Brim, Fernandina Beach, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. (Ned) Pooser, IV, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant asserts error by the trial court because of its denial of appellant's motion to suppress evidence seized from the appellant's person upon his arrest for the offense of trespass. We affirm but remand for correction of a clerical error in the judgment and commitment.
At approximately 10:30 p.m. on February 29, 1988, appellant was arrested on a charge of trespass on property other than a structure or conveyance in violation of Section 810.09(1), Florida Statutes (1987).[1] At the time of his arrest appellant was standing in the parking lot of a commercial establishment known as the Island Bar.
After the arrest, Officer Thompson searched the appellant and found a quantity of cocaine. The record does not reveal any disposition of the trespass charge. Subsequently, the state filed a one-count information charging the appellant with the felony offense of possession of cocaine.
Appellant filed a motion to suppress the cocaine seized from him at the time of his arrest. This motion was considered during trial and denied. The jury returned a verdict of guilty of possession of cocaine.
Appellant contends that the arrest of appellant for trespass was unlawful and that the evidence seized from the appellant's person must be suppressed as the fruit of the unlawful arrest. We disagree.
Several months prior to February 29, 1988, the appellant had been barred from the Island Bar property by the manager. *445 Officer Thompson, the arresting officer, had been told by the manager that he was having a problem with the appellant and that he wanted him barred from the property. Officer Thompson had then told the appellant that he was to leave and not to return to the property, including the parking lot.
Sometime after this initial warning, Officer Thompson heard another call concerning a trespass complaint involving appellant at the Island Bar. By the time the police arrived, appellant had moved off the property. The police did not arrest the appellant on this occasion but again warned him not to trespass upon the property.
The arresting officer was not sure of the length of time between the initial trespass warning and the arrest on February 29. Officer Thompson's best estimate was four months.
We believe it is abundantly clear from the facts in this case that at the time of the warrantless arrest on the misdemeanor trespass charge, Officer Thompson had substantial reason to believe that the appellant was committing the offense in his presence. See State v. Yunker, 402 So.2d 591 (Fla. 5th DCA 1981) (held that trespass warning need not occur in presence of arresting officer); State v. McCormack, 517 So.2d 73 (Fla. 3rd DCA 1987) (defendant had more than adequate warning that trespassing was not permitted).
The substantiality of the reason for believing that the appellant was committing the subject misdemeanor offense is not vitiated by the fact that it was approximately four months between the time of the last warning and the trespass which resulted in the appellant's arrest. Even if there had been evidence  via the appellant's testimony or otherwise  that the trespass warning had, unbeknownst to the officer, been revoked prior to the day of arrest, such would not erode in the least the substantiality of the officer's reason for believing that the appellant was engaged in the commission of the subject trespass. See State v. Yunker, 402 So.2d at 592, f.n. 2.
We hasten to add that our holding should not be read as a bright-line rule that a four-month time lapse between a trespass warning and the arrest-provoking trespass will never vitiate the reasonableness of the arrest. There may be circumstances  not present here  which would suggest unreasonableness in an officer's reliance upon an arguably stale warning.
We turn now to the apparent clerical error which needs correcting. Appellant was convicted of and sentenced for the third degree felony offense of possession of cocaine pursuant to Section 893.13(1)(f), Florida Statutes (1987). This section is erroneously referred to in the judgment as "893.13(1)(e)"; and in the commitment order as "893.12(1)(e)." The trial court shall, upon remand, correct such errors.
AFFIRM but REMANDED for correction of judgment and commitment order.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] Section 810.09(1) provides:

(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.11 commits the offense of trespass on property other than a structure or conveyance.