# WASTE MANAGEMENT OF TAMPA, etc. v LOUALLEN, etc.

## Case No. 90-4284-B (Lower Court Case No. 89-1796-CC)

Thirteenth Judicial Circuit, Hillsborough County

September 12, 1990

### APPEARANCES OF COUNSEL

**Steven G. Burton, Esquire,** Moffitt, Hart & Herron, P.A., for appellant.

**R. Michael DeLoach, Esquire,** for appellees.

### OPINION OF THE COURT

JAMES A. LENFESTEY, Circuit Judge.

### *ORDER REVERSING COUNTY COURT ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT*

The Court, at premises, after a review of Appellant's and Appellees' trial briefs, heard oral argument of counsel, and, it is therefore

ORDERED and ADJUDGED that the lower court's Order Granting Defendants' Motion to Set Aside Default Judgment is reversed.

Plaintiff/Appellant, WASTE MANAGEMENT OF TAMPA, a division of WASTE MANAGEMENT, INC. OF FLORIDA ("Waste Management"), filed a complaint in the County Court in and for Hillsborough County, Florida, Civil Division, on February 1, 1989. Defendants/Appellees, STEVE LOUALLEN and LINDA LOUALLEN d/b/a LOU ALLEN ENTERPRISES ("the LouAllens"), were properly served with the summons and the complaint on May 23, 1989. The LouAllens failed to serve any papers in response to the complaint, pursuant to Rule 1.500, Florida Rules of Civil Procedure. A default was entered against the LouAllens by the Clerk on June 16, 1989. Final Judgment was entered in favor of Waste Management on September 7, 1989.

On October 30, 1989, counsel for the LouAllens served his Notice of Appearance on behalf of the LouAllens, a Motion to Set Aside Default Judgment, and supporting affidavits from the LouAllens. The LouAllen's affidavits stated, in part:

1. Your Affiant is a Defendant named in the above-captioned action. . .

2. On or about September 8, 1989 your Affiant received a copy of a Final Judgment against [him/her] for the principal sum of $3,206.63. . .

3. Your Affiant has never done business as LouAllen Enterprises as set forth in the caption of this action.

Your Affiant has never done business as LouAllen Enterprises as set forth in the caption of this action.

The lower court then entered an order overturning the default judgment, which is the subject of this appeal.

It is disturbing that the LouAllens chose not to appear in this case, and thereafter move to set aside the default, until five months after they had been served and almost two months after entry of a final judgment. Failure to exercise due diligence by moving to set aside the default judgment in a timely fashion can be grounds alone to deny such a motion. See *Bayview Tower Condominium Association v Schweizer,* 475 So.2d 983 (Fla. 3d DCA 1985) (the party moved to set aside the

20

default judgment after one month had lapsed since learning of the entry of default, and the court denied the motion), and *Cal-U-Sonic v Metric Systems Corp.,* 330 So.2d 63 (Fla. 1st DCA 1976) (the motion to set aside a default judgment was denied when approximately two months had lapsed since entry of the final judgment before the motion was filed).

Of a more compelling nature, however, is the fact that the LouAllens have failed to demonstrate excusable neglect on their part in not responding to the complaint. Without demonstrating excusable neglect, the motion to set aside the default judgment should not have been granted.

The affidavits and motion to set aside the default clearly set forth the fact that the LouAllens did not answer the summons and complaint because they felt they did not owe the debt. The refusal to answer a complaint is an intentional act and, therefore, cannot be deemed excusable neglect. *California Club Realty v Lucca,* 517 So.2d 73 (Fla. 3d DCA 1987).

In the *California Club Realty* case, wherein the defendant was appealing from an order denying his motion under Florida Rule of Civil Procedure 1.540 to set aside an adverse final default judgment, the court held that the defendant was not entitled to have the default judgment set aside because the defendant admitted that he did not intend to respond to the complaint since he did not feel he was liable to the plaintiff. The court held that such an act is an intentional act and therefore would not fall within the excusable neglect provision required by Rule 1.540, Florida Rules of Civil Procedure, as grounds for setting aside a default judgment.

Likewise, the LouAllens have acknowledged they intentionally did not answer the complaint, and they cannot possibly demonstrate excusable neglect in failing to respond to the complaint.

The Order Granting Defendants' Motion to Set Aside Default Judgment is reversed. The Court herein holds that the Final Judgment against Defendants should not have been set aside and, therefore, is reinstated. This case is remanded to the County Court of Hillsborough County, Florida, for a determination of Waste Management's attorney's fees.

DONE and ORDERED in Chambers, at Tampa, Hillsborough County, Florida, this 12th day of September, 1990.