696 So.2d 1218 (1997)
Patrick Edward BELLAMY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02696.
District Court of Appeal of Florida, Second District.
May 30, 1997.
*1219 James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
ROSMAN, JAY B., Associate Judge.
Patrick Edward Bellamy appeals a final judgment and sentences for possession of cocaine with intent to sell or deliver and possession of cocaine. We agree with his contention that the trial court erred in its denial of his motion to suppress the evidence and, therefore, reverse.
Officer Buchanan received a BOLO around 10:00 p.m. that a black male wearing dark pants, a black and white shirt and a jacket had sold drugs to an undercover officer near the corner of 23rd Street and 3rd Avenue in Tampa. A few minutes later at the corner, Officer Buchanan saw the appellant wearing clothes that matched the description, but he was uncertain whether the appellant was the person who sold the drugs. Buchanan observed the appellant speaking to the occupant of a car, but he never saw anything exchanged between the appellant and the vehicle's occupant. Instead of approaching then, he waited, thinking that the appellant was involved in another drug transaction. After the appellant spoke with the individual in the car, Buchanan heard the appellant tell the occupant to drive around the corner. The appellant then walked over to the corner of an abandoned house, reached under the house and removed something. As he stood up, marked and unmarked police units drove into the area, someone yelled "police," and the appellant started running. Buchanan gave chase, grabbed and handcuffed him. A subsequent search of the appellant produced cocaine. Officer Buchanan then returned to the house and found more cocaine under the house. He found no money on the appellant. After the arrest, the undercover officers who had radioed the BOLO advised Buchanan that the appellant was not the man who sold them drugs.
The trial judge concluded that without the BOLO, any stop of the appellant would have been inappropriate and anything seized would be suppressed. He also found that the totality of the circumstances made it a reasonable stop because this was the same location, the description was similar and the appellant was conducting suspicious drug activities. He, therefore, denied the motion to suppress.
We conclude that the BOLO description here was far too general to provide probable cause. The State's reliance on State v. Joseph, 593 So.2d 594 (Fla. 3d DCA 1992), is misplaced because the BOLO there is described as "very detailed." Similarly, the BOLO description in Blanco v. State, 452 So.2d 520 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985), is far more specific than the description in this case. In contrast, the suspect's proximity in place and time was held sufficient to provide probable cause in State v. Varnedoe, 443 So.2d 201 (Fla. 3d DCA 1983), where the BOLO described the individual as a 5'6" to 5'7"` dark-skinned black male, 130-140 pounds wearing a white shirt and blue jeans and having "teeth like a weasel." As in Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982), where the BOLO described a black male with short cropped hair, wearing a white tee shirt and blue jeans, the description here could *1220 have fit many people in the area at a time when many people were on the street.
We do not agree with the judge that the BOLO description sufficiently bolstered the officer's suspicion such that he had a reasonable suspicion of criminal activity. The appellant's observed activities fall short of supplying the officer with a reasonable suspicion that he was committing a criminal offense. See § 901.151(2), Fla. Stat. (1995). Probable cause to arrest exists only when the totality of the circumstances more likely than not points to the commission of a crime. Doney v. State, 648 So.2d 799, 800 (Fla. 4th DCA 1994), review denied, 659 So.2d 272 (Fla.1995). There was no observed exchange between the appellant and the occupant of the vehicle. Messer v. State, 609 So.2d 164 (Fla. 2d DCA 1992). Because the encounter between the appellant and the officer was not consensual, and there was no founded suspicion or probable cause to justify a stop or an arrest, we conclude that it was error to deny the appellant's motion to suppress.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and WHATLEY, J., concur.