SHAHOOD, C.J.,
dissenting.
As stated by Judge Klein, I agree that in order to convict a person for resisting an officer without violence, it must first be shown that “the officer was engaged in the lawful execution of a legal duty; and ... the action by the defendant constituted obstruction or resistance of the lawful duty.” Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001); § 843.02, Fla. Stat. (2005).
The initial encounter that occurred between the officer and appellant constituted a consensual encounter. The officer did not have the requisite well-founded, articu-lable suspicion of criminal activity to satisfy an investigatory stop. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). Appellant’s actions did not meet the statutory requirements for a trespass, nor was he committing or about to commit a trespass.
There are four elements that constitute a trespass pursuant to section 810.09, Florida Statutes (2005). The elements are (1) that the property was owned by or lawfully in possession of someone other than the defendant; (2) that the defendant willfully entered the property; (3) that the defendant was on the property without authorization, license, or invitation; and (4) that notice not to enter had been given to the defendant by actual communication. State v. McCormack, 517 So.2d 73, 74 (Fla. 3d DCA 1987).
The record reflects that the park director had heard a confrontation taking place in the park where a group of kids were using foul language and getting aggressive with some adult soccer players. An officer came to the park and sent the adults away. The director called the police again and explained that she “didn’t want anybody to have to leave,” just “didn’t want anybody to get hurt.” A second officer arrived and the director pointed out the boys who caused the disturbance and specifically appellant. The director knew appellant because he “was in our youth group [at the center], and he was there for years. He’s one of my favorites.” The officer believed that the director basically wanted him to “get them out of here.” The officer then approached appellant, who was leaving the park, to investigate the incident and give appellant a trespass warning based on the director’s request.
Based on the record before us it is clear that appellant believed he had a right to be on the property, as he had been on many previous occasions, and that he did not *967 receive any notice not to be on the property until the deputy approached him.
A similar situation occurred in Slydell, where police officers, while patrolling for trespassers, saw the defendant and did not recognize him as being a resident of the neighborhood. 792 So.2d at 669. As the officers approached the defendant to investigate him for trespassing, the defendant began to walk the other way. The defendant appeared to be trying to hide something in his hand. When the officer asked him what was in his hand, the defendant ran away. Id. at 670. The officer grabbed the defendant and forced him to the ground and in the process recovered several pieces of crack cocaine. The defendant was convicted of resisting an officer without violence, which the appellate court reversed and remanded with instructions to discharge the defendant as to this charge. The court explained why the situation would be a consensual encounter instead of an investigatory stop:
We do not agree that an officer’s bare suspicion that a person is trespassing, even when coupled with an agreement between the property owner and the police for officers to stop and investigate persons whom the officers do not recognize as residents, is sufficient for an investigatory stop and detention. A property owner’s grant of authority to police officers to investigate trespassing on the owner’s premises does not confer any greater authority upon law enforcement during police-citizen contact than do our Constitution and laws. Officers still need a reasonable and articulable suspicion that a person is engaged in criminal activity for a Terry stop.
Slydell, 792 So.2d at 672; see also In the Interest of B.M., 553 So.2d 714, 715 n. 2 (Fla. 4th DCA 1989) (A stop to inform trespassers of an order to leave is more akin to a “mere encounter” than a “stop” for constitutional analysis.).
In his concurring opinion, Judge Klein agrees that there was no reasonable suspicion of a crime, but states that an officer may detain people in certain circumstances to execute a legal duty. He compares this situation with the authority to stop an individual for a traffic infraction. This comparison equates a violation of a traffic law to a potential criminal violation simply because they both can be described as noncriminal. I disagree. Courts have explicitly held that the violation of a traffic law provides officers with the constitutional grounds to make a stop. Whren v. United States, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). This holding conforms with the Fourth Amendment in that there must be a violation of a traffic law. As explained in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979):
[W]e hold that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver’s license and the registration of the automobile are unreasonable under the Fourth Amendment.
Id. at 663, 99 S.Ct. 1391. It is the violation of law that makes a traffic stop constitutional. In contrast, stopping someone who is incapable of violating the law, that is the basis for the stop, disregards their constitutional protections.
Even if we are to assume that a detention is proper to issue a trespass warning as contemplated by the opinion in Rivers v. Dillards Department Store, 698 So.2d 1328, 1332 (Fla. 1st DCA 1997), it still must be “reasonable under the circumstances.” What was reasonable for the *968 officer, under these circumstances, was to simply tell appellant to leave the property and that he is not allowed on the property in the future. The officer admitted that a trespass warning can be given verbally; therefore, detention is not a necessary legal duty in executing a trespass warning.
Regardless of whether giving a trespass warning is a legal duty, an officer is not allowed to detain a person without constitutional grounds. Ordering appellant to stop, while appellant is in the process of leaving, and to return so the officer could give him a trespass warning is a detention. The Fourth Amendment does not contemplate that a potential criminal violation is a valid reason to support a detention. As a result, the officer did not properly execute a legal duty in detaining appellant in order to give him a trespass warning. I would reverse and remand with directions to discharge appellant.