# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-1828
Lower Tribunal No. J22-1519

————————————

**B.J.G., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Special Assistant Public Defender, and Anaidys D. Hernandez Fuentes, Certified Legal Intern, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 790.001(6), Fla. Stat. (2022) (defining "firearm" as "any weapon (including a starter gun) which <u>will</u>, is <u>designed</u> to, or **may readily be converted to expel a projectile** by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun.") (emphasis added); <u>Floyd v. State</u>, 569 So. 2d 1225, 1232 (Fla.1990) (holding officers' lay opinion testimony that, inter alia, victim's injuries were consistent with a struggle and murder was committed by a "creep-in burglar," were admissible: "Lay witness opinion testimony is admissible if it is within the ken of an intelligent person with a degree of experience. . . . We find the officers' testimony within the permissible range of lay observation and ordinary police experience.") (internal citation omitted); <u>L.L. v. State</u>, 189 So. 3d 252, 257 (Fla. 3d DCA 2016) (citing <u>Gonzales v. State</u>, 95 So. 3d 1002, 1004 (Fla. 3d DCA 2012) ("The opinion must be based on personal knowledge of the facts underlying the opinion. . . . The lay witness may not rely on hearsay in forming an opinion, but the witness may base the opinion on what the witness has perceived.") (internal citation omitted); <u>Jones v. State</u>, 440 So. 2d 570, 574 (Fla. 1983) (rejecting defendant's argument that officer was unqualified to testify to his opinion that a mark on the window sill was made by the recoil of a high powered rifle: "Officer Mundy possessed a working knowledge of

firearms gained through his training as a police officer and through his extensive work as an evidence technician. It was well within his realm of experience to offer the trier of fact his opinion as to this origin of the mark on the 'stash house' window sill.") See also State v. Altman, 432 So. 2d 159, 160 (Fla. 3d DCA 1983) ("When we return to the definition of a firearm under Section 790.001(6), it is clear that the legislature intended to denounce separately the carrying of 'any weapon which . . . may readily be converted to expel a projectile by the action of an explosive' or 'the frame or receiver of any such weapon.' Defendant's hammer, handle, and barrel assembly, a pistol without a cylinder and without the pin which holds the cylinder, fits within this definition and therefore constitutes a firearm. Although defendant's pistol was not operable until the missing parts were added, operability is not a determinative factor in defining a firearm."); Machado v. State, 363 So. 2d 1132, 1137 (Fla. 3d DCA 1978) (rejecting argument that State failed to prove the pistol introduced into evidence was actually a firearm under section 790.001(6): "[O]perability is not a determinative factor in defining a firearm. Additionally, the two arresting officers described the weapon at trial as a '9 mm automatic pistol, loaded,' and a pistol is a firearm. Further, the weapon was introduced into evidence and the trial judge, as trier of fact, had ample opportunity to inspect the gun and make a determination

3

as to whether Section 790.001(6) was applicable.") (internal citations omitted).