419 So.2d 721 (1982)
Bobby Gene BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. AD-95.
District Court of Appeal of Florida, First District.
September 14, 1982.
*722 Everett P. Anderson, Tallahassee, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.

ON PETITION FOR REHEARING GRANTED
PER CURIAM.
By opinion filed June 11, 1982, we affirmed appellant's conviction of first degree murder, but upon consideration of appellant's timely filed petition for rehearing, we conclude that our prior decision was incorrect and that one of the errors argued by appellant, i.e., the admission, over objection, of prejudicial hearsay testimony, has merit and requires that we reverse the judgment and remand this cause for a new trial.
The State, as part of its case in chief, introduced over objection the testimony of two witnesses, each of whom testified as to statements made to him by the victim, each of which statement was offered to prove the truth of the matter asserted. The statements were hearsay by definition, § 90.801, Fla. Stat., but the trial court felt them to be admissible under the exceptions contained in § 90.803(3), Fla. Stat. as a statement of declarant's then existing state of mind. It is clear from the record, however, that the statements were not offered to prove the declarant's state of mind (such state of mind not being an issue in the action), nor were the statements offered to prove or explain acts of subsequent conduct of the declarant. To the contrary, such statements were quite obviously offered to prove the state of mind or motive of the defendant, a purpose for which the hearsay exception created by § 90.803(3)(a), Fla. Stat. (1981) does not apply. Kennedy v. State, 385 So.2d 1020 (Fla. 5th DCA 1980); Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1979).
The state's evidence was almost wholly circumstantial, but at least marginally sufficient to go to the jury. Thus, while we find no error in denying appellant's motion for judgment of acquittal and motion for new trial, nor an abuse of discretion in permitting the introduction of certain photographs of the deceased, we conclude that the improperly admitted hearsay statements of the deceased victim, which statements tended to establish a motive for appellant to have committed the homicide, cannot be deemed harmless error under the circumstances of this case. Consequently, the judgment and sentence are severally reversed and this cause remanded with instructions that appellant be granted a new trial.
REVERSED and REMANDED.
THOMPSON and WIGGINTON, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.