528 So.2d 383 (1988)
Jose Angel "Pepe" ALFONSO and Javier Codecido, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 86-1385, 86-1386.
District Court of Appeal of Florida, Third District.
January 26, 1988.
Edward A. Carhart, P.A., and Eric Dorsky, Coral Gables, for appellant Alfonso.
Breslin & Raben, P.A., and Peter Raben, Coconut Grove, for appellant Codecido.
*384 Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.

REVISED OPINION
JORGENSON, Judge.
Jose Angel "Pepe" Alfonso and Javier Codecido appeal their convictions for first-degree murder, armed burglary, and shooting into an occupied dwelling. They contest, inter alia, the propriety of impaneling a jury of six members rather than twelve in a first-degree murder case where the trial court made a pretrial determination striking death as a penalty. We reverse the first-degree murder convictions upon the authority of State v. Bloom, 497 So.2d 2 (Fla. 1986).
Alfonso and Alex Rodriguez, the decedent, were old friends. Each had his own luxury used car lot. Rodriguez agreed to exchange a Porsche 928 for three BMW's owned by Alfonso. When Alfonso failed to deliver title to one BMW, Rodriguez "repossessed" Alfonso's most valuable inventory item, a Rolls Royce. Several days later, Alfonso, Codecido, and a third man went to Rodriguez's home. The facts are in dispute regarding whether the ensuing confrontation between Alfonso and Rodriguez was an argument that escalated into violence or whether an armed home invasion occurred, with murder as the motive. However, that Rodriguez died of a single gunshot wound to the head and that Codecido pulled the trigger are undisputed.
Prior to jury selection, the court requested a proffer of the facts. The court invited the inquiry sua sponte, heard the facts, and then observed, "There is no way under any conditions based on the factual circumstances that I have heard that I would impose a death penalty ... it's not applicable in this case." The court initially ruled that the defendants were still entitled to twelve jurors unless they waived their right and stipulated to six. The defendants refused to waive and advised the court that they were demanding twelve jurors. The court ultimately agreed with the state that six jurors would be sufficient. Over the defendants' objections, the court ordered a six-member jury sworn in. The jury convicted Alfonso and Codecido on all counts, including first-degree murder, a capital felony. Based on the supreme court's clear holding in State v. Bloom, 497 So.2d 2 (Fla. 1986), that a circuit judge lacks authority to decide pretrial whether to impose the death penalty in a first-degree murder case, we vacate the judgments and sentences entered below and remand for a new trial.[1]
The facts in Bloom are similar to the case sub judice. Bloom arose from two separate proceedings in which the defendant was charged with first-degree murder, armed burglary, and armed robbery. The circuit judge determined that only one case warranted consideration of the death penalty and directed the state to proceed with the first-degree murder trial as a non-capital case. The supreme court observed that the result of permitting the circuit judge to determine, pretrial, the applicability of the death penalty would be to modify the statutory scheme governing the death penalty. The decision to impose the death penalty must be made in a separate proceeding after guilt is adjudicated. § 921.141(1), Fla. Stat. (1985). Moreover, this court has held that pretrial decisions to charge and prosecute rest within the sole discretion of the state attorney. State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980).
We further note that the trial court's pretrial decision not to impose a death penalty did not transform first-degree murder into a noncapital crime. Murder in the first degree is a capital offense. Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987). Section 913.10, Florida Statutes (1985), and Florida Rule of Criminal Procedure 3.270 provide for a twelve-person *385 jury to try all capital cases.[2] The law is clear, however, that a person can be convicted of a capital crime in Florida by a jury of fewer than twelve where there is a valid defense waiver of the right to a twelve-member jury. State v. Garcia, 229 So.2d 236 (Fla. 1969); Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983); Roth v. State, 385 So.2d 114 (Fla. 3d DCA 1980). In the instant case, there was no waiver. The trial court erred in forcing Alfonso and Codecido to proceed to trial with fewer jurors than they were entitled to by law.[3]
Alfonso also alleges fundamental error in the trial court's refusal to grant severance. Alfonso's motion for severance, however, was properly denied. Fairly viewed, both defense theories suggest that Rodriguez was accidentally killed in a late-night brawl of his own creation. The defenses presented by Alfonso and Codecido are not antagonistic to the point of being mutually exclusive. United States v. Berkowitz, 662 F.2d 1127 (5th Cir.1981). While severance is necessary to promote a fair determination of guilt or innocence, McCray v. State, 416 So.2d 804 (Fla. 1982), a fair determination of guilt is not foreclosed merely because co-defendants blame one another for what has transpired. O'Callaghan v. State, 429 So.2d 691 (Fla. 1983).
We find no merit in the remaining points on appeal. We, accordingly, affirm the judgments of conviction and fifteen-year concurrent sentences imposed on both defendants for armed burglary and shooting into an occupied dwelling. We reverse the first-degree murder convictions as to both defendants and remand for a new trial with a twelve-member jury.
Affirmed in part, reversed in part, and remanded for a new trial.
NOTES
[1] We are aware that the trial court did not have the benefit of State v. Bloom, 497 So.2d 2 (Fla. 1986), when it initiated its pretrial review of the applicability of the death penalty. The defendants were tried early in 1986; Bloom was decided in November, 1986.
[2] The statute and rule define a "capital" case as one where death is a possible penalty. State v. Hogan, 451 So.2d 844 (Fla. 1984).
[3] Alfonso and Codecido conceded in their briefs and at oral argument that on retrial both face the possibility of a death sentence.