561 So.2d 1207 (1990)
Jose Angel ALFONSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-885.
District Court of Appeal of Florida, Third District.
April 17, 1990.
On Motion for Rehearing June 26, 1990.
*1208 Moore & Rabin and Harry M. Solomon, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
On appeal from the first trial in this case, this court reversed defendant's conviction for first-degree murder and affirmed the judgments of conviction and the two concurrent fifteen-year sentences imposed for armed burglary and shooting into an occupied building. Alfonso v. State, 528 So.2d 383 (Fla. 3d DCA), review denied, 528 So.2d 1183 (Fla. 1988). Upon retrial, defendant was convicted of second-degree murder. The second trial court judge resentenced defendant to life imprisonment for that offense. The court then ordered that defendant's previously affirmed fifteen year concurrent sentences for the offenses of armed burglary and shooting into an occupied dwelling run consecutively to the new departure sentence of life imprisonment for second-degree murder.
We vacate that part of the resentencing which orders that the two fifteen-year sentences run consecutively to the sentence for second-degree murder, and we direct that those convictions be reimposed to run concurrent to the life sentence. The change from concurrent to consecutive sentencing following retrial violated defendant's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (due process clause of the United States Constitution is offended if an enhancement sentence punishes the defendant for the exercise of rights guaranteed him); see Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982).
Finding no merit to the other issues raised, we affirm the convictions and sentence appealed in all other respects.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant's petition for rehearing reminds us that we failed to consider and address his claim that there was insufficient emotional or psychological trauma to enhance the second-degree murder conviction to life in prison.
The trial court entered an upward departure from the sentencing guidelines reasoning, "The murder was committed twelve inches away from the victim's wife" resulting in "horrendous lasting trauma and damage to the emotional balance of the victim's wife."
A reading of the record shows that during the wife's testimony, facts proving the emotional trauma suffered by the wife were established beyond a reasonable *1209 doubt. Casteel v. State, 498 So.2d 1249 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986). See and compare Lumpkin v. State, 510 So.2d 1164 (Fla. 3d DCA 1987) (record contained no evidence to prove beyond a reasonable doubt that victims' family members suffered psychological trauma from witnessing the crime; blanket assertion to that effect by trial judge insufficient to support upward departure); Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987) (evidence insufficient to establish that more than one family member saw shooting; no testimony going to the question of the witness' emotional trauma; thus no facts to support trial court's reason for upward departure).
Accordingly, the motion for rehearing is denied.