PER CURIAM.
Javier Codecido appeals his conviction and sentence for first degree murder after retrial of that charge on remand from Alfonso v. State, 528 So.2d 383 (Fla.3d DCA), review denied, 528 So.2d 1183 (Fla.1988). In the prior appeal this court affirmed Co-decido’s convictions and concurrent sentences for armed burglary and shooting into an occupied dwelling. After Codecido was again convicted of the murder charge, the trial court imposed a life sentence to run consecutive to the previously imposed sentences for burglary and shooting into an occupied dwelling. The State confesses error with respect to the imposition of a consecutive, rather than concurrent, sentence. See Alfonso v. State, 561 So.2d 1207, 1208 (Fla.3d DCA 1990). We therefore reverse the sentencing order insofar as it imposed a consecutive sentence and remand with instructions to impose a life sentence to run concurrent with the sentences for armed burglary and shooting into an occupied dwelling.
Codecido’s contention that the trial court was precluded from seeking the death penalty on remand from his prior appeal is without merit in light of his counsel’s entirely correct concession to the contrary in the prior appeal. See Alfonso v. State, 528 So.2d at 385 n. 3. No reversible error has been shown with respect to the regulation of voir dire by the trial court. See Peri v. State, 426 So.2d 1021, 1025 (Fla.3d DCA), review denied, 436 So.2d 100 (Fla.1983).
Affirmed in part, reversed in part, and remanded.