584 So.2d 200 (1991)
Ernest SOMERVILLE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2937.
District Court of Appeal of Florida, First District.
August 15, 1991.
*201 Nancy Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Ernest Somerville, who was convicted of dealing in stolen property[1] after he sold a ring to David Morris, appeals his conviction and sentence. We reverse, finding merit in two of Somerville's contentions.
The state called the arresting officer to testify as to certain statements made by Somerville upon his arrest. When the defense attempted to cross-examine the officer as to the balance of appellant's statement to the officer, the court sustained an objection by the state. This was error, since the defense was entitled to cross-examine the witness concerning the balance of the conversation in order that the jury might understand the whole context of the statement elicited by the state. Guerrero v. State, 532 So.2d 75 (Fla. 3d DCA 1988); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), rev. denied 560 So.2d 234 (Fla. 1990).[2]
The trial court also improperly allowed Mr. Morris to testify he bought the ring because, "I felt like it was stolen ... I was going to have it traced to see if it was." Mr. Morris' statement was improper lay opinion testimony, since it was not demonstrably based upon anything perceived by the witness. Section 90.701, Fla. Stat. (1989). While Somerville's knowledge, or lack thereof, that the ring in question was stolen was quite relevant, the prosecution could not properly use the testimony of *202 Morris to prove the state of mind of the accused. Correll v. State, 523 So.2d 562 (Fla. 1988), cert. denied 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); Bailey v. State, 419 So.2d 721 (Fla. 1st DCA 1982).
Somerville's conviction and sentence are reversed, and this cause is remanded for a new trial.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Under § 812.019(1), Fla. Stat., one is guilty of dealing in stolen property if he "traffics in, or endeavors to traffic in, property that he knows or should know was stolen."
[2] We have not overlooked the state's contention that appellant failed to proffer the excluded evidence. From the record it is clear that both the trial court and the prosecutor recognized that the testimony would concern Somerville's explanation of how he came to have the ring. Since this court is not required to speculate as to the substance of the officer's testimony, the failure to proffer, while not a wise choice on counsel's part, is not fatal to review. Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).