619 So.2d 1044 (1993)
Alisha WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0646.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
*1045 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant Williams was arrested and charged with armed robbery for his alleged participation in a hold up outside of a Lauderdale Lakes business. For the reasons which follow, we reverse Mr. Williams' conviction.
The state may not comment on defendant's failure to produce witnesses to corroborate an alibi defense when defendant presents no alibi. Brown v. State, 524 So.2d 730 (Fla. 4th DCA 1988). On the other hand, when defendant forwards an alibi defense, the state may properly comment on defendant's failure to produce an alibi witness, provided that the witness is competent and available. Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985), quashed on other grounds, 517 So.2d 678 (Fla. 1988); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 4th DCA 1984).
In our case, Williams did not file a notice of alibi, nor did he testify at trial. In a statement to investigators, he indicated that he was at home at the time of the crime, watching television and talking on the telephone. Williams' mother testified at trial that Williams was indeed at home watching television, but at no time did Williams ever make his telephone conversations part of his defense. During its closing remarks, the state nevertheless commented on Williams' failure to produce as a witness the person at the other end of this telephone conversation. As explained recently by Judge Klein:
"When a prosecutor refers to a defendant's failure to call certain witnesses, it may violate the right to remain silent. It is also inconsistent with the presumption of innocence and the state's burden to prove guilt beyond a reasonable doubt."
*1046 Lawyer v. State, No. 91-2768, 1993 WL 182516 (Fla. 4th DCA June 2, 1993) (citing Romero). We find that the trial court erred in overruling Williams' objection to the comment and in denying his motion for mistrial.
At trial, Williams also called Deputy Howard as a witness, the investigator who interviewed the victims immediately after the alleged robbery. Williams called Howard to point out inconsistencies in the victims' descriptions of the assailants at trial as compared to their descriptions immediately after the incident. After Williams' direct examination accomplished this effect, the following occurred on cross:
[STATE]. Sir, it's not uncommon for victims of a crime like this to remember things, evidence later?
[DEFENSE]. Objection as to relevancy.
[COURT]. Overruled. Well. Maybe you want to qualify it before I let you go into that area.
[STATE]. Sir, you have been in law enforcement 20 years 
[DEFENSE]. Excuse me. I object to what other victims in other crimes experienced. It has no relevancy to this case. These victims were here. Other victims are not here.
[STATE]. It's directly relevant on their ability to give a description.
[COURT]. I'll overrule the objection.
[STATE]. You have been a law enforcement officer 20 years you said?
A. Correct.
Q. You have come in contact with a lot of armed robberies?
A. Yes.
Q. And victims of crimes such as this and violence such as this?
A. That's correct.
Q. As such you have become aware of descriptions that victims give at the scene, correct?
A. That's correct.
Q. There may be later descriptions or other evidence that they might remember, correct?
A. That's correct.
Q. Isn't it true it's not unusual for them to remember additional evidence as time goes on?
>A. That's true.
Q. Different than what they might remember at the scene 
A. Yes.
Q.  when they are still affected by the crime?
A. That is true.
We find that the court erred not only because this evidence is irrelevant, but also because it amounted to an improper comment on the reliability of eyewitness identification. See Hooper v. State, 476 So.2d 1253 (Fla. 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986).
DELL, FARMER and KLEIN, JJ., concur.