KAHN, Judge.
Somerville appeals from his conviction and sentence for dealing in stolen property, to wit: a class ring, in violation of section 812.-019(1), Florida Statutes. The trial judge sentenced him to 30 years as a habitual violent felony offender. Somerville raises numerous issues on appeal, only two of which merit discussion: (1) whether the trial court erred in admitting testimony that a witness believed the property was stolen, and (2) whether the trial court erred in imposing a harsher penalty after Somerville successfully appealed his first conviction.
At Somerville’s first trial on the charge a jury found him guilty. The trial judge sentenced him as a habitual violent felony offender to 30 years with a mandatory minimum of 10 years. Before the sentencing hearing concluded, Somerville entered a plea to the charge of failure to appear and received a concurrent 10-year sentence with a mandatory maximum of five years. He appealed his conviction and sentence, and we reversed. Somerville v. State, 584 So.2d 200 (Fla. 1st DCA 1991).
A new trial was held, and appellant was again convicted of dealing in stolen property. The trial court sentenced him to a 30-year sentence with a 10-year mandatory minimum to run consecutive to the 10-year sentence on the failure to appear charge which was unaffected by the first appeal. This appeal arises from the new judgment and sentence.
The first issue we have for review is whether the trial court erred in admitting the testimony of David Morris, the purchaser of the stolen class ring, that he purchased the ring “to turn over to the Sheriffs Department to have it traced to see if it was stolen”. This same issue was addressed in the original appeal. One basis for reversal of appellant’s first conviction was that the trial court improperly allowed Morris to testify that he purchased the ring because, “I felt like it was stolen ... I was going to have it traced to see if it was.” Somerville, 584 So.2d at 201. We explained:
*1072 Mr. Morris’ statement was improper lay opinion testimony, since it was not demonstrably based upon anything perceived by the witness. Section 90.701, Fla.Stat. (1989). While Somerville’s knowledge, or lack thereof, that the ring in question was stolen was quite relevant, the prosecution could not properly use the testimony of Morris to prove the state of mind of the accused (citations omitted).
Somerville, 584 So.2d at 201-202. The same reasoning applies to the statement in the instant case.[1]
Since the case must be remanded for a third trial, we note the trial court’s erroneous imposition of a harsher sentence after the second trial. A defendant may not be sentenced more harshly on remand simply because he exercised his right to appeal. North Carolina v. Pearce, 895 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Requeiro v. State, 619 So.2d 468 (Fla. 4th DCA 1993). The United States Supreme Court in Pearce and its progeny established a “presumption of vindictiveness,” which may be overcome only by objective information in the record justifying an increased sentence. In Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), and other cases after Pearce, the court reasoned that the presumption of vindictiveness does not apply unless there is a “realistic likelihood of vindictiveness.” See Requeiro; Womack v. State, 617 So.2d 1107 (Fla. 1st DCA 1993). However, in Wemett v. State, 567 So.2d 882 (Fla.1990), the supreme court held that if the second sentencing is performed by the same judge whose error prompted the resentencing, this circumstance gives rise to a possible motive for self-vindication. In Wemett, the trial judge failed to overcome the presumption of vindictiveness with proof of “identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.” 567 So.2d at 886 (citing Pearce, 395 U.S. at 726, 89 S.Ct. at 2081).
In the present case, the second sentencing was performed by the same judge whose error in the first sentencing prompted the resentencing, and the record gives no indication of “identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceedings.”[2] The trial judge originally sentenced Somerville as a habitual violent felony offender to 30 years with a 10-year mandatory minimum sentence. On the same day immediately following sentencing on the dealing in stolen property conviction, the judge accepted a plea to the failure to appear charge and sentenced appellant to a concurrent 10-year sentence with a 5-year mandatory minimum. After appellant’s retrial on dealing in stolen property, the judge sentenced appellant as a habitual violent felony offender to a consecutive sentence of 30 years with a 10-year mandatory minimum.
The judge’s stated reason for changing the sentence from a concurrent to a consecutive sentence was, “[Bjecause at the time that I sentenced him the first time, he had not been sentenced on the other case. I sentenced him to 30 years on this case. He did not have a ten-year sentence at the time that he was sentenced.” The fact that he sentenced appellant to a 30-year sentence first does not change the applicable law. The judge sentenced Somerville on both charges on the same day as part of a single brief sentencing hearing. Nothing new has arisen since the trial judge sentenced appellant to the concurrent sentences. The court in Alfonso v. State, 561 So.2d 1207, 1208 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 284 (Fla.1990), held “[t]he change from concurrent to consecutive sentencing following retrial violated defendant’s right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution.”
REVERSED.
*1073 MINER, J., concurs.
JOANOS, J., dissents -with written opinion.

. Morris’ claim as to his purpose in buying the ring in question for $5.00 did not tend to prove or disprove a material fact in the instant case. § 90.401, Fla.Stat. Neither was the statement offered to rehabilitate Morris’ credibility.

. At sentencing the prosecutor defended her reb-anee upon the two year old PSI from the earlier trial, stating, "He’s been in jail the whole time, so the circumstances regarding the PSI would not have changed at all.”