SHAHOOD, Judge.
Appellant seeks reversal and a new trial based on the trial court’s admission of testimony regarding other victim’s experiences. We agree and reverse and remand for a new trial.
Appellant was charged and tried for robbery. Crucial to the state’s case was the victim’s identification of her attacker. At trial, the detective who investigated the robbery testified that, some time after the robbery, the victim picked appellant’s photograph out of a lineup indicating that she was “a hundred percent positive.” Thereafter, the officer who wrote the initial robbery report testified that at the time of the incident the victim reported that she was “unsure” if she could identify her attacker, although she did give a general description. The state then attempted to elicit testimony as to whether it was common for victims in robberies to initially be unable to identify their attackers, but later to identify them with certainty. The following colloquy took place:
Q. Now referring to the statement that Counsel — I mean, that you just indicated to us previously about she would probably be unsure to identify an individual, is it unusual after an event like this to give a description and say that I many not be able to identify an individual or they may be unable to identify the individual?
[DEFENSE COUNSEL]: Your Honor, I object to this. It is clearly irrelevant, plus out of the witness’ scope and calls for speculation.
THE COURT: I will sustain the objection as phrased.
BY [PROSECUTOR]: Have you investigated robberies and offenses against persons before this case?
A. Yes.
Q. Okay. And would it be safe to say that a lot of those eases people were upset, frightened people made contact with—
[DEFENSE COUNSEL]: Your Honor, I will object. That is irrelevant, what happens in other cases.
THE COURT: I will sustain the objection.
[PROSECUTOR]: Let me ask you this, is it unusual, based upon your police experience, which is how many years?
A. Seven and a half, sir.
Q. Based upon your police experience, would someone say initially they may not be able to identify someone—
[DEFENSE COUNSEL]: Your Honor, I object to this as calling for information not relevant to this case and calls for speculation.
THE COURT: Overrule your objection.
*930 BY [PROSECUTOR]: Is it unusual for someone to say that they may not be able to identify someone that in the initial incident and then identify someone in a lineup, show up or photographic lineup?
[DEFENSE COUNSEL]: I object again. That’s clearly — It’s the same question that was just objected to that was just sustained.
THE COURT: I’ll overrule the objection.
A. Not — It’s not unusual for somebody to say that that’s a possibility.
Q. Has it happened in your experience, that same scenario?
A. Yes.
A similar colloquy took place in Williams v. State, 619 So.2d 1044 (Fla. 4th DCA 1994) wherein the appellant called as a witness the police investigator who interviewed the victims immediately after the alleged robbery. During cross-examination by the state the following colloquy took place:
[STATE], Sir, it’s not uncommon for victims of a crime like this to remember things, evidence later?
[DEFENSE], Objection as to relevancy.
[COURT]. Overruled. Well. Maybe you want to qualify it before I let you go into that area.
[STATE]. Sir, you have been in law enforcement 20 years—
[DEFENSE], Excuse me. I object to what other victims in other crimes experienced. It has no relevancy to this case. These victims were here. Other victims are not here.
[STATE]. It’s directly relevant on their ability to give a description.
[COURT]. I’ll overrule the objection.
[STATE]. You have been a law enforcement officer 20 years you said?
A. Correct.
Q. You have come in contact with a lot of armed robberies?
A. Yes.
Q. And victims of crimes such as this and violence such as this?
A. That’s correct.
Q. As such you have become aware of descriptions that victims give at the scene, correct?
A. That’s correct.
Q. There may be later descriptions or other evidence that they might remember, correct?
A. That’s correct.
Q. Isn’t it true it’s not unusual for them to remember additional evidence as time goes on?
A. That’s true.
Q. Different than what they might remember at the scene—
A. Yes.
Q. —when they are still affected by the crime?
A. That is true.
Id. at 1046. In reversing Williams’ conviction, this court held that not only was the evidence irrelevant, but it was also an improper comment on the reliability of eyewitness identification. Id. at 1046 (citing Hooper v. State, 476 So.2d 1253 (Fla.1985), cert, denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986)).
Accordingly, we find that the questions and answers elicited of the investigating officer during cross-examination by the state in the case at bar are virtually identical to those in Williams and thus require reversal.
Reversed and remanded for a new trial consistent with this opinion.
POLEN and STEVENSON, JJ., concur.