COBB, Judge.
The appellant, Carliss Johnson, was convicted of three counts of sexual activity with a minor by a person in familial or custodial authority and one count of a lewd and lascivious act upon a minor. On appeal, Johnson raises three issues: (1) Was there sufficient evidence at trial that he stood in a position of familial or custodial authority in relation to the victim? (2) Was he entitled at trial to a jury instruction on sexual battery as a lesser included offense? (3) Was he entitled to a mistrial because the state was allowed to elicit testimony from a witness “vouching” for the credibility of the victim?
Based upon a Blockburger analysis,[1] we find no merit in Johnson’s second issue regarding the lesser offense instruction. In respect to the third issue we find that the trial court clearly erred in allowing the state, over defense objection, to elicit from a defense witness, Ms. Johnson, her opinion as to the credibility of the victim, the state’s principal witness, who had previously testified in the ease. Capehart v. State, 583 So.2d 1009, 1013 (Fla.1991), cert. denied., 502 U.S. 1065, 112 S.Ct. 955,117 L.Ed.2d 122 (1992). Given the crucial importance of the victim’s credibility in this case, we cannot consider this error harmless, as urged by the state. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Nor was the error invited by the defense line of questioning. Therefore, a new trial on all counts is required.
The question remains, however, in respect to Johnson’s convictions for the three counts under section 794.011(8)(b), Florida Statutes, as to whether there was sufficient proof adduced at trial that Johnson stood in a position of familial authority to the victim at the time of the offenses. The term “familial relationship” was defined by the Florida Supreme Court in State v. Rawls, 649 So.2d 1350 (Fla.1994):
[T]he determination of whether a familial relationship exists must be done on a case-by-case basis. Consanguinity and affinity are strong indicia of a familial relationship but are not necessary. Also, the defendant and the victim need not reside in the same home. The relationship must be one in which there is a recognizable bond of trust with the defendant, similar to the bond that develops between a child and her grandfather, uncle, or guardian.
In Rawls it was held that a family boarder (Rawls), unrelated to the victim by blood or marriage, was not in a familial relationship with the victim at the time of the offense. Although Rawls lived in the home of the minor victim, he did not exercise any custodial or supervisory authority over the minor, and there was no evidence that the minor looked upon Rawls as a member of the family.
In Hallberg v. State, 649 So.2d 1355 (Fla.1994), it was held that a teacher, without any *217 teaching responsibility or extracurricular activity supervisory authority over a child during a summer recess, was not in a position of custodial authority. The reeord indicated that the teacher went to his minor student’s home some seven to ten times during the summer recess, ostensibly to give her some materials to review for the coming school year. While her parents were absent from the home, he engaged in various sexual activities with her.
In the instant case, the evidence of “familial or custodial authority” is that Johnson, an older cousin of the 14 year old minor victim, was an occasional overnight guest at her home. During these occasions Johnson normally slept in the living room of the home, and sometimes answered the phone. Although the victim “listened to” her cousin, and “pretty much did what he said” during these visits, she testified she “did not take orders” from him, but only from her parents. She further testified she never looked upon Johnson as a father figure, and paid him no special respect or courtesy that she would not show to any older person. She also testified that Johnson had never been responsible for her care. The sexual activity occurred at times when she and Johnson were alone in the home.
Based upon the opinions in Rawls and Hallberg, we are constrained to find that the trial judge erred in denying the defendant’s motion for judgment of acquittal as to the three first degree felony charges of sexual activity with a minor by a person in familial or custodial authority.
Accordingly, we reverse and remand for a new trial on the three lesser included offenses of lewd and lascivious acts with a minor pursuant to Counts I, II and III of the information, and for a new trial on the original charge in Count IV.
REVERSED AND REMANDED.
DAUKSCH and HARRIS, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).