WEBSTER, Judge.
In this direct criminal appeal, appellant, convicted of second-degree murder with a firearm following his trial on a charge of first-degree murder, seeks a new trial. He claims entitlement to a new trial for two reasons — because he was tried before a jury of six persons, rather than twelve; and because the trial court refused to instruct the jury on the lesser-included offense of third-degree felony murder. We affirm.
Section 913.10, Florida Statutes (1995), provides that “[tjwelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases.” Appellant argues that, because he was tried on the charge of first-degree murder before a 6-person jury, he is entitled to a new trial. However, this issue was not preserved for appellate review, because no objection was ever voiced to the trial court. See Castor v. State, 365 So.2d 701 (Fla.1978) (requirement of contemporaneous objection designed to permit trial court opportunity to correct error at early stage, avoiding unnecessary appeals). See generally Melbourne v. State, 679 So.2d 759 (Fla. 1996) (denial of objection to peremptory challenge as racially motivated not preserved for review when objection not renewed immediately before jury sworn, because error could easily have been corrected without compromising entire trial). Based upon our review of the record, it is clear that no objection was voiced because appellant’s counsel had waived the right to a 12-person jury in return for the state’s agreement not to seek the death penalty if appellant was convicted as charged. State v. Griffith, 561 So.2d 528 (Fla.1990) (counsel can waive client’s right to 12-person jury). In fact, both trial counsel and appellant announced that the jury selected was acceptable.
The record reflects that appellant’s counsel initially requested a jury instruction on third-degree felony murder, premised on the underlying felony of an aggravated assault with a firearm. However, our reading of the record leads us to conclude that the request for such an instruction was subsequently abandoned. Even if this were not the case, any error in failing to give such an instruction would be harmless. Appellant was convicted of second-degree murder with a firearm, a life felony. §§ 775.087(l)(a) & 782.04(2)-(3), Fla. Stat. (1993). Third-degree *1341 felony murder, premised on the underlying felony of an aggravated assault with a firearm, is a second-degree felony. § 782.04(4), Fla. Stat. (1998). It may not be reclassified to a first-degree felony pursuant to section 775.087(1) because use of a firearm is an essential element of the offense when the underlying felony is an aggravated assault or battery with a firearm. E.g., Webb v. State, 410 So.2d 944 (Fla. 1st DCA), review denied, 421 So.2d 68 (Fla.1982). Although it did not instruct the jury regarding third-degree felony murder, the trial court did instruct the jury regarding manslaughter with a firearm, a first-degree felony. §§ 775.087(l)(b) & 782.07, Fla.Stat. (1993). Third-degree felony murder premised on the underlying felony of aggravated assault with a firearm is a lesser-ineluded offense two steps removed from second-degree murder with a firearm. Because the jury found appellant guilty of second-degree murder with a firearm even though it was instructed on manslaughter with a firearm, a lesser-included offense only one step removed, any error in failing to instruct on third-degree felony murder, as well, would be harmless. Pope v. State, 679 So.2d 710 (Fla.1996); State v. Abreau, 363 So.2d 1063 (Fla.1978).
AFFIRMED.
MINER and LAWRENCE, JJ., concur.