778 So.2d 422 (2001)
Scott OLSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-940.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Scott Olsen appeals his conviction for *423 robbery with a firearm.[1] He claims that the trial court erred by allowing a police officer to testify that she believed the alleged victim when he said that he had been robbed at gunpoint. We agree and vacate the judgment of conviction.
Olsen admits that he was involved in the illegal taking of cash from an Ocala Winn-Dixie food store, but defends the charge of robbery by claiming that he had no weapon on the night of the theft. He also asserts that the store manager, who claimed that he was held at gunpoint, was actually a party to the illegal taking. The store manager was the only person who testified at trial that a gun was used during the theft.
The defense's strategy was to focus upon the credibility of the store manager's version of the robbery and his testimony that he had been robbed by Olsen at gunpoint. For this reason, Olsen contends that the trial court erred by allowing the police officer, who arrived at the store shortly after the crime was reported, to testify that she believed the store manager had been robbed.
Admittedly, Olsen's defense was weak and the surrounding facts seemed to support the victim's version of what happened. Nevertheless, the conviction was tainted during the prosecutor's questioning of the police officer who arrived at the Winn-Dixie shortly after the crime was reported. The prosecutor first attempted to qualify the officer as an expert who had the ability to evaluate the veracity of crime victims and then asked the officer whether she believed the store manager's version of the facts. Defense counsel objected and attempted to educate the prosecutor on this subject; however, the prosecutor was bent on pursuing this improper line of questioning. The trial court erred by allowing the prosecutor and the officer to continue.
The jury subsequently found Olsen guilty of robbery with a firearm. We find that the police officer's testimony was an improper comment on the reliability of the alleged victim's version of the facts and that the trial court's failure to sustain the defense's objection to the police officer's testimony constitutes harmful error. See Johnson v. State, 682 So.2d 215 (Fla. 5th DCA 1996) (allowing State to elicit defense witness' opinion as to credibility of victim was reversible error in light of fact that victim was State's principal witness such that victim's credibility was of crucial importance to case). Furthermore, it is considered especially harmful for a police officer to give his or her opinion of a witness' credibility because of the great weight afforded an officer's testimony. See, e.g., Page v. State, 733 So.2d 1079 (Fla. 4th DCA 1999) (police officer's testimony that informant was "trustworthy and reliable" was improper bolstering of witness, and constituted reversible error in prosecution for delivery of cocaine, where informant was only witness called to testify as to drug transaction that allegedly took place inside the car); see also Williams v. State, 619 So.2d 1044 (Fla. 4th DCA 1993) (after inconsistencies between victim's testimony and statement to police at time of crime were introduced by defendant, deputy's testimony that it was not uncommon for victims to remember additional details subsequent to the first report was an improper comment on the reliability of the victim's testimony); Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984) (portion of prosecutor's cross-examination in which he asked witness whether earlier witnesses had been lying was improper since, absent some evidence showing that witness was privy to thought processes of other witnesses, witness was not competent to pass on their states of mind).
Because the officer's testimony was an improper comment on the reliability of the alleged victim's version of the facts that he had been robbed at gunpoint, Olsen's conviction for robbery with a firearm is vacated and the matter is remanded for a new trial. We find no other errors.
*424 JUDGMENT VACATED; REMANDED FOR NEW TRIAL.
COBB and PALMER, JJ., concur.
NOTES
[1] Fla. Stat. § 812.13(2)(a) (1997).