SHARP, W., J.
Bohm appeals from his conviction and sentence of robbery with a firearm,[1] after a jury trial. He was sentenced to twenty years in prison with a minimum mandatory sentence of ten years. We affirm.
The victim in this case, Bohm’s next door neighbor, was robbed and forced to remove his clothing at gunpoint, after the vehicle in which he, Bohm and four other men were traveling stopped on a dark, sparsely-traveled road. Bohm was the party who pointed the gun at the victim.
Bohm raises several arguments as to why his conviction should be over-turned. We find no error regarding the trial court’s rulings, and no cumulative errors meriting a new trial. See Gore v. State, 719 So.2d 1197, 1202-1203 (Fla.1998); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The following issues were raised in this appeal:
1. The trial court allowed a police officer to testify that one of the participants in the robbery (Reyes) interview statement was consistent with the statements of two other participants. We do not think this amounts to the type of improper opinion bolstering that has been criticized by this court, in such cases as Olsen v. State, 778 So.2d 422 (Fla. 5th DCA 2001).
2. The trial court failed to declare a mistrial after an investigator testified that lineups were prepared by using booking photos. The trial court sustained the defense objection to this testimony, refused to allow the lineups into evidence and gave the jury a curative instruction to disregard the testimony. Whether or not such improper evidence merits granting a mistrial is a judgment call by the trial court. Trial courts have very broad discretion to make such decisions. Sired v. State, 587 So.2d 450 (Fla.1991); Smithers v. State, 826 So.2d 916 (Fla.2002). To *1043 overturn the trial court’s decision, it must appear to the appellate court that the error was of such a magnitude, that the fairness of the entire trial was vitiated. Gore v. State. That standard was far from being met in this case.
3. The defense failed to object to a line of inquiry by the state, which it now claims was so prejudicial that a new trial is warranted. Bohm testified in his own defense. He stated that following the robbery, he and his companions stopped at the home of his friend, Melvin. On cross-examination he refused to give Melvin’s last name. The prosecutor asked if Melvin could verify any of Bohm’s claims that Bohm was concerned about the victim, and that the victim had just been robbed and left almost naked on the roadside. Bohm responded he had not discussed it with Melvin because it was none of Melvin’s business. On appeal, Bohm now argues that this was an attempt to shift the burden of proof to the defense, and that defense had to call a witness to prove Bohm’s innocence.
Even if defense had objected, it does not appear to us to be error. Bohm chose to testify in his own behalf. He admitted to being at the scene of the robbery of his neighbor, although he denied participating in it. He was the one who brought up the “potential witness,” Melvin. But even had Melvin appeared, it is clear from Bohm’s testimony that Melvin had no first-hand knowledge of the robbery.
4. Finally, Bohm argues that the victim’s roommate should not have been allowed to testify as a rebuttal witness concerning harassing telephone calls Bohm made to the victim, prior to the trial. There was a dispute as to whether or not Bohm offered to pay the victim not to come to court, and whether the victim demanded compensation not to appear to help Bohm out. The roommate confirmed he had listened in on some of these phone calls, and confirmed it was Bohm who had initiated the offer of money to the victim not to appear in court.
The roommate’s testimony rebutted Bohm’s claims that he had not offered to pay the victim and it was properly admitted.[2] The trial court properly handled these rulings, and there is no reversible error here.
AFFIRM.
THOMPSON, C.J., and SAWAYA, J., concur.

. § 812.13(1) and (2)(a), Fla. Stat. (2000).

. Other testimony concerning a meeting with the Bohm family, who initiated the phone calls, and the victim's fear, was properly disallowed by the trial court because it was not true rebuttal testimony, or because of a lack of personal knowledge.