FERNANDEZ, J.
Edelberto Gonzales appeals his judgment of conviction and sentence, arguing that the testimony of two police officers amounted to improper bolstering. We disagree and affirm the judgment of conviction and sentence.
The State charged Gonzales with aggravated battery causing great bodily harm, aggravated assault with a firearm, possession of a firearm by a convicted felon, and resisting an officer without violence. The State subsequently nolle prossed the aggravated battery charge. The court severed the possession of a firearm by a convicted felon charge, and the case proceeded to trial on the remaining two counts — aggravated assault with a firearm and resisting an officer without violence.
*1003 The jury returned a verdict of guilty on the charge of aggravated assault, specifically finding that Gonzales did not discharge a firearm. It also returned a guilty verdict on the charge of resisting an officer without violence. The court adjudicated Gonzales guilty and sentenced him to eight years in state prison.
The testimony at trial established that a heated exchange occurred between Gonzales, Rafael Montano, Jorge Riera, and one other unidentified individual. Monta-no and Riera testified that Gonzales reached for the gun of the unidentified individual and fired the gun at Montano.
Two police officers who responded to the scene testified at trial. Officer Ernesto Gutierrez testified that he did not see Gonzales with a gun, and that a gun was not recovered from the scene. Officer Daniel Arocha testified that he spoke to Gonzales, Riera and Montano. During his testimony, the prosecutor asked him: “[t]he accounting that you got from the .shooting victim, was it consistent with the account that you got from Jorge [Riera], the one who ran up to you at the corner?” Defense counsel objected on hearsay grounds. The trial court sustained the objection.
The prosecutor then asked Officer Aro-cha “[w]ithout telling me what anybody said, was there anything that lead [sic] you to believe that this couldn’t have happened because the story was just too inconsistent?” Defense counsel objected on 'opinion grounds. The trial court overruled the objection. Officer Arocha responded, “[n]o, both stories to me coincided. No.” Defense counsel objected based on hearsay grounds. The trial court sustained the objection “as to story.”
Officer Arocha also testified that a semiautomatic weapon ejects a casing when fired and that he did not find a casing at the scene. The prosecutor then asked, “[a]re there situations where you just don’t find [sic] casing even though you know a shooting occurred?” The defense objected. Over defense objection, Officer Aro-cha agreed.
During closing, defense counsel argued that Montano and Riera had fabricated their allegations. He also noted that the jury should reject their version of events because physical evidence did not corroborate it. The prosecutor argued that the jury should not be concerned that there was no apparent reason for the shooting. He noted that “[everything [Montano and Riera] told to the officer matched perfectly, but they didn’t have time to compare stories.” He urged the jury to accept their testimony, asking, “[w]hat are the odds that two people would come up with a random story like that complete with all those details that you would never expect and they never had time to get their story straight.” Shortly thereafter, he remarked again that, when the officer spoke to Montano and Riera, he got “the same story” from both witnesses.
When the prosecutor countered defense counsel’s argument that no gun was used during the incident, the prosecutor referenced other cases, arguing, “[i]f that was the case whenever there was a crime involving a gun if you toss it in the river before you got arrested or past [sic] it off to somebody before you were arrested then automatic I’m off, there’s no gun I’m off.”
The abuse of discretion standard governs review of a trial court’s decision to admit evidence. See Hudson v. State, 992 So.2d 96, 107 (Fla.2008). Gonzales argues that the trial court abused its discretion when it allowed Officer Arocha to testify that Montano and Riera provided him with a consistent and believable account of the incident. Gonzales argues that this constituted improper opinion testimony. Gonza *1004 lez further argues that the trial court abused its discretion when it permitted Officer Arocha to testify that it is normal not to recover a casing from a crime scene, even though a shooting occurred. This testimony was irrelevant and it served to improperly bolster the State’s case.
We do not believe that any error occurred in the admission of Officer Aro-cha’s testimony. Section 90.701, Florida Statutes (2012), governs the opinion testimony of lay witnesses. The testimony may be in the form of an inference and opinion when:
(1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness’s use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
(2) The opinions and inferences do not require a special knowledge, skill, experience, or training.
See § 90.701, Fla. Stat. (2012). The opinion must be based on personal knowledge of the facts underlying the opinion. See Somerville v. State, 626 So.2d 1070 (Fla. 1st DCA 1993). The lay witness may not rely on hearsay in forming an opinion, but the witness may base the opinion on what the witness has perceived. Id.
We first address Gonzales’ claim of improper opinion testimony. It is clearly error for one witness to testify as to the credibility of another witness.” Acosta v. State, 798 So.2d 809, 810 (Fla. 4th DCA 2001). “Allowing one witness to offer a personal view on the credibility of a fellow witness is an invasion of the province of the jury to determine a witness’ credibility. See Seibert v. State, 923 So.2d 460, 472 (Fla.2006).
We are cognizant of the harmful effect that results when a police witness offers an opinion on the credibility of a witness because of the great weight that is afforded to an officer’s testimony. See Page v. State, 733 So.2d 1079, 1081 (Fla. 4th DCA 1999); see also Seibert v. State, 923 So.2d 460, 472 (Fla.2006).
Here, however, the police witness did not offer his opinion on the credibility of a witness. Officer Arocha merely testified that the two statements Montano and Ri-era gave were consistent. Specifically, Officer Arocha was asked to evaluate whether the witnesses’ statements that he had personally perceived were similar. He did not opine on whether the witnesses or their statements were reliable. This kind of testimony by a police officer fails to constitute improper bolstering. See Bohm v. State, 826 So.2d 1041, 1042 (Fla. 5th DCA 2002) (finding that a police officer’s testimony that one of the participants in a robbery interview statement was consistent with the statements of two other participants did not amount to improper bolstering). Had Officer Arocha testified to the truthfulness of Montano or Riera’s statements, we would agree that his testimony constituted impermissible opinion testimony regarding a witness’ credibility. Officer Arocha’s testimony was thus proper lay opinion testimony.
We decline to address Gonzales’ second claim, concluding it is without merit.
Affirmed.