# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3142
Lower Tribunal No. 10-497-K
_____

**Pablo Jimenez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction– Habeas Corpus.

Pablo Jimenez, in proper person.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for respondent.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

Pablo Jimenez filed a petition for writ of habeas corpus, alleging that his appellate counsel provided constitutionally ineffective assistance in Jimenez's direct appeal. Although Jimenez's petition raises four claims, we conclude only one warrants discussion. Jimenez asserts that the trial court failed to provide Jimenez with a twelve-person jury for his trial on the charge of first-degree murder, and that appellate counsel's failure to raise this issue on appeal constituted deficient performance and prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Thus, Jimenez contends, his judgment and sentence must be vacated and he must be granted a new trial before a twelve-person jury. We deny the petition.

Jimenez was charged with first-degree murder and armed robbery. During the pendency of the case, the State waived the death penalty. Prior to jury selection, the trial court discussed with the State and defense that, since the State had announced its intention not to seek the death penalty, a six-person jury would be empaneled. Jimenez was present during this discussion. Neither the State nor the defense objected to a six-person jury, and the jury was thereafter selected and empaneled.

Jimenez was found guilty of first-degree murder and petit theft, and was sentenced to life in prison on the murder conviction. On direct appeal from the judgment and sentence, Jimenez's counsel did not raise any claim with regard to the empanelling of a six-person jury.

In this petition, Jimenez asserts that appellate counsel provided constitutionally ineffective assistance in failing to raise this claim. The criteria for establishing a claim of ineffective assistance of appellate counsel parallels the Strickland standard for establishing ineffective assistance of trial counsel. When analyzing a claim of ineffective assistance of appellate counsel, this court must therefore consider

> first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.

Suarez v. Dugger, 527 So. 2d 190, 192-93 (Fla. 1988).

Importantly, we note that neither Jimenez nor his trial counsel objected to the trial court's suggestion that a six-person jury would be empaneled for the trial. It is true that the trial court erred in its determination that the State's waiver of the death penalty obviated the requirement of a twelve-person jury. See State v. Griffith, 561 So. 2d 528 (Fla. 1990); Alfonso v. State, 528 So. 2d 383 (Fla. 3d DCA 1988). Nevertheless, trial counsel's failure to object to the six-person jury operates as a procedural bar that generally precludes appellate review of such an unpreserved error. Appellate counsel will not be deemed ineffective for failing to challenge an unpreserved error on direct appeal, unless such a claim rises to the level of fundamental error. Hendrix v. State, 908 So. 2d 412, 426 (Fla. 2005);

3

Rutherford v. Moore, 774 So. 2d 637, 646 (Fla. 2000). Thus, given the failure to object or otherwise preserve this error in the trial court, appellate counsel could not have been ineffective in failing to raise such a claim on appeal, unless it can be said that the failure to provide a twelve-person jury constitutes fundamental error, which has been described as an error "so prejudicial as to vitiate the entire trial." Chandler v. State, 702 So. 2d 186, 191 n.5 (Fla. 1997).

The right to a jury trial in a criminal prosecution is of constitutional dimension. See U. S. Const. Amend. VI (providing in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ."); Art. I, § 16, Fla. Const. (providing in pertinent part: "In all criminal prosecutions the accused shall. . . have the right to have. . . a speedy and public trial by impartial jury in the county where the crime was committed"). However, the right to a jury of twelve persons is not of constitutional dimension. Rather, it is a right provided by state statute and in the corresponding Florida Rule of Criminal Procedure. See Art. I, § 22, Fla. Const. (expressly providing: "The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law") (emphasis added); § 913.10, Fla. Stat. (2010) ("Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal

4

cases."); Fla. R. Crim. P. 3.270 (providing same).[1] Jimenez was not denied his constitutional right to a trial by jury. Rather, he was provided with a trial by jury, but consisting of six rather than twelve persons. While this failed to comply with the statutory requirement, it was not fundamental error such that it could have been raised for the first time on appeal. Smith v. State, 857 So. 2d 268 (Fla. 5th DCA 2003); Howell v. State, 687 So. 2d 1339 (Fla. 1st DCA 1997).

Because this non-fundamental error was not properly preserved in the trial court, precluding review on direct appeal, Jimenez's appellate counsel did not provide ineffective assistance in failing to raise the issue.

Petition denied.

---

[1] See also Williams v. Florida, 399 U.S. 78 (1970) (rejecting claim that twelve-person jury is an indispensable component of the Sixth Amendment right to jury trial); Gonzalez v. State, 982 So. 2d 77 (Fla. 2d DCA 2008).