# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-169
Lower Tribunal No. 13-30460
_____

**The State of Florida,**
Petitioner,

vs.

**Ivan Wong,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Ashley Moody, Attorney General, and Michael W. Mervine, Assistant Attorney General, for petitioner.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for respondent.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

The State of Florida petitions this Court for a writ of mandamus or

prohibition to compel the trial court to empanel a twelve-person jury. We treat the State's petition as a petition for writ of certiorari seeking to quash the trial court's pretrial order requiring the defendant, Ivan Wong, to proceed to trial before a six-person jury, not a twelve-person jury, for several charges, including the capital offense of first degree murder. See State v. Pettis, 520 So. 2d 250, 253 (Fla. 1988) (upholding the State's right to certiorari review of nonappealable pretrial orders). As the State has established that the trial court's order departs from the essential requirements of law, resulting in a material injury for which there is no adequate remedy on appeal, we grant the petition for writ of certiorari and quash the trial court's order.

The defendant was indicted by a grand jury on several charges, which included first degree murder, a capital offense. Although the State has waived the death penalty, the defendant has not waived his right to a twelve-person jury. In State v. Griffith, 561 So. 2d 528, 530 (Fla. 1990), the Florida Supreme Court held that "[t]he prosecutor cannot, by electing not to seek the death penalty, change the classification of an offense from capital to noncapital and unilaterally determine whether a defendant is entitled to trial by a twelve-person jury." Further, as explained by this Court in Alfonso v. State, 528 So. 2d 383 (Fla. 3d DCA 1988):

> We further note that the trial court's pretrial decision not to impose a death penalty did not transform first-degree murder into a noncapital crime. Murder in the first degree is a capital offense. Ortagus v. State, 500 So. 2d 1367 (Fla. 1st DCA 1987). Section 913.10, Florida

2

> Statutes (1985), and Florida Rule of Criminal Procedure 3.270 provide for a twelve-person jury to try all capital cases. The law is clear, however, that a person can be convicted of a capital crime in Florida by a jury of fewer than twelve where there is a valid defense waiver of the right to a twelve-member jury. State v. Garcia, 229 So. 2d 236 (Fla. 1969); Nova v. State, 439 So. 2d 255 (Fla. 3d DCA 1983); Roth v. State, 385 So.2d 114 (Fla. 3d DCA 1980). In the instant case, there was no waiver. The trial court erred in forcing Alfonso and Codecido to proceed to trial with fewer jurors than they were entitled to by law.

Alfonso, 528 So. 2d at 384-85 (footnotes omitted); see also Jimenez v. State, 167 So. 3d 497 (Fla. 3d DCA 2015). Thus, the trial court's order requiring the defendant to proceed to trial before a six-person jury departs from the essential requirements of law, and the harm to the State cannot be remedied on appeal. Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.

Petition granted; order quashed.